THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH GOWASKY et al., Appellants.

**Crimes — constitutional law — trial — statute providing for increased punishment for one convicted of felony who has been previously so convicted constitutional — prisoner should be informed by judge of right to jury trial as to identity — waiver of right by attitude of counsel — identity only thing to be tried by jury — plea should not be taken under circumstances leading prisoner to believe he may obtain a lower sentence — punishment fixed by statute and not in discretion of court nor district attorney.**

1. Sections 1941, 1942 and 1943 of the Penal Law, as amended by chapter 457 of the Laws of 1926, providing for increased punishment for one convicted of a felony if he has been previously so convicted, are constitutional and are not invalidated by the method provided of charging a prisoner after conviction, not before, with having been previously convicted of crime. (*People* v. *Sickles*, 156 N. Y. 541; *People* v. *Rosen*, 208 N. Y. 169, discussed.)

2. The provision in section 1943 that the judge before whom the prisoner is taken shall inform him of the allegations of previous convictions, " and of his right to be tried as to the truth thereof," is not a mere formality which may be brushed aside as unnecessary. It should be done because the statute says so. The requirement, however, may be waived and where prisoners were represented by

counsel who pleaded guilty for them but insisted that the statute was unconstitutional, which was the only point he raised, no claim being made that they were not the individuals previously convicted, the attitude of counsel amounted to a waiver of their right to be told that they could have a jury trial if they denied the statements in the information.

3. All requirements of the section must be followed but the only thing to be tried before a jury is the identity of the prisoner. His guilt or innocence under the previous convictions does not enter into the case.

4. District attorneys must be careful not to take a plea from a prisoner of a lesser degree of crime under circumstances which may lead him to believe that he is not to be dealt with as a second offender and especially should there be no intimations of a lower sentence for a plea, as neither the court nor district attorney have any discretion under section 1943 of the Penal Law regarding the punishment, which is fixed by statute, not by the court.

*People* v. *Gowasky,* 219 App. Div. 19, affirmed.

(Argued January 24, 1927; decided February 23, 1927.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 31, 1926, which unanimously affirmed a judgment of the Court of General Sessions in the county of New York rendered upon a plea by the defendants of guilty of the crime of burglary in the third degree and sentencing them to life imprisonment as fourth offenders.

*Samuel Backlar* for Joseph Gowasky, appellant. The action of the court in holding the defendants to answer the informations filed against them as fourth offenders without presentment or indictment of a grand jury and sentencing them as such was unconstitutional and void; and sections 1942 and 1943 of the Penal Law, pursuant to which the court purported to hold and sentence the defendants, are in contravention of the provision of section 6 of article 1 of the New York Constitution guaranteeing that no person shall be held to answer for an infamous crime

unless on presentment or indictment of a grand jury, and are, therefore, unconstitional and void. (*Commonwealth v. Alger*, 7 Cush. [Mass.] 53; *Colon v. Lisk*, 153 N. Y. 188; *Ives v. South Buffalo Railway Co.*, 201 N. Y. 271; *Wulfsohn v. Burden*, 241 N. Y. 299; *McDonald v. Massachusetts*, 180 U. S. 311; *State v. Graham*, 68 W. Va. 248; *People v. Rosen*, 208 N. Y. 169; *People ex rel. Cosgriff v. Craig*, 195 N. Y. 190; *People v. Sickles*, 156 N. Y. 541; *People v. Kaminsky*, 208 N. Y. 389.) The acceptance by the court of the defendants' plea of guilty of a lesser offense than they were charged with in the indictment convicted the defendants specifically of the crime of attempted burglary in the third degree, as first offenders only, and, therefore, the trial court had no power to impose any other penalty than the one provided by sections 407 (3) and 261 (2) of the Penal Law. (*People v. Rosen*, 150 App. Div. 595; *People v. Bretton*, 144 App. Div. 282; *People v. Sickles*, 156 N. Y. 541; *People ex rel. Cosgriff v. Craig*, 195 N. Y. 190; *Johnson v. People*, 55 N. Y. 512; *People v. Jordan*, 125 App. Div. 522; *Matter of Kenny*, 23 Misc. Rep. 9; *People v. Young*, 1 Caines, 37; *Gibson v. People*, 5 Hun, 542; *People v. Cook*, 45 Hun, 37.) Section 1942 is either mandatory or discretionary. If it is mandatory, then this section is arbitrary and oppressive judicial legislation which leaves no judicial discretion on the part of the judge and is, therefore, repugnant to the spirit of American jurisprudence and contrary to the decisions of the Court of Appeals, and section 1944 of the Penal Law is contradicted and nullified. If it is discretionary then the court erred in construing the statute as being mandatory instead of permissive. (*People v. New York Central R. R. Co.*, 29 N. Y. 418; *Kelso v. Lorillard*, 85 N. Y. 177; *Matter of Baer*, 147 N. Y. 348; *Munro v. State of New York*, 223 N. Y. 208; *Stone v. Pratt*, 90 Hun, 42; *People v. Bailey*, 103 Misc. Rep. 366; *Jenkins v. Putnam*, 106 N. Y. 272; *Matter of Davies*, 168 N. Y. 103; *Matter of Thurber*, 162 N. Y. 244; *Matter of Rutledge*, 162 N. Y. 31.)

The trial court committed error by examining the defendants under section 485-a of the Code of Criminal Procedure without cautioning them of the intention to take proceedings against them under sections 1942 and 1943 of the Penal Law, and the failure so to caution them was a violation of the express provisions of section 1943 of the Penal Law. (*People* v. *Mondon,* 103 N. Y. 211; *People* v. *Ferola,* 215 N. Y. 285; *People ex rel. Lewisohn* v. *O'Brien,* 176 N. Y. 253; *Silverthorne Lumber Co.* v. *U. S.,* 251 U. S. 385.)

*James Marshall* for Theodore Hemerlien, appellant. The action of the court in holding the defendant Hemerlien to answer to the information filed against him as a fourth offender without presentment or indictment of a grand jury and sentencing him as such was unconstitutional and void; and sections 1942 and 1943 of the Penal Law, pursuant to which the court purported to hold and sentence the defendant, are in contravention of the provisions of section 6 of article I of the New York Constitution guaranteeing that no person shall be held to answer for an infamous crime unless on presentment or indictment of a grand jury, and are, therefore, unconstitutional and void. (*People* v. *Kaminsky,* 208 N. Y. 389; *Ex parte Wilson,* 114 U. S. 417; *Jones* v. *Robbins,* 8 Gray, 329; *United States* v. *Moreland,* 258 U. S. 433; *People ex rel. Cosgriff* v. *Craig,* 195 N. Y. 190; *Avery* v. *Everett,* 110 N. Y. 317; *People* v. *Rosen,* 208 N. Y. 169; *People* v. *Cucchiara,* 209 App. Div. 326; *People* v. *Bretton,* 144 App. Div. 282; *Johnson* v. *People,* 55 N. Y. 512.) Even if an indictment were unnecessary it was error to examine the defendant Hemerlien under section 485-a of the Code of Criminal Procedure without cautioning him of the intention to take proceedings against him under sections 1942 and 1943 of the Penal Law, for the court's failure so to caution him violated the express provisions of section 1943 of the Penal Law. If such examination did not

violate section 1943 of the Penal Law then this proceeding and that section are unconstitutional and void on the grounds that the defendant Hemerlien was compelled to be a witness against himself in a criminal proceeding and was deprived of liberty without due process of law. (*People* v. *Rosen*, 208 N. Y. 169; *Matter of Bretton*, 144 App. Div. 282; *People* v. *Cucchiara*, 209 App. Div. 326; *People ex rel. Barone* v. *Fox*, 144 App. Div. 611; 202 N. Y. 616; *Matter of Kenny*, 23 Misc. Rep. 9; 30 App. Div. 624; *People* v. *Ferola*, 215 N. Y. 285; *People ex rel. Lewisohn* v. *O'Brien*, 176 N. Y. 253; *Silverthorne Lumber Co.* v. *U. S.*, 251 U. S. 385; *Counselman* v. *Hitchcock*, 142 U. S. 547.)

*Joab H. Banton*, District Attorney (*Robert C. Taylor* of counsel), for respondent. Sections 1942 and 1943 of the Penal Law are constitutional. (*Graham* v. *W. Va.*, 224 U. S. 616.)

CRANE, J. When *People* v. *Sickles* (156 N. Y. 541) was argued in this court, counsel for the appellant claimed that it was very unfair and prejudicial to the defendant for the People to prove his previous bad character and his conviction of other crimes before he had been found guilty of the crime for which he was being tried. There was some merit in the claim that it was no proof that the defendant had committed the act charged, because some time in his past life he had been guilty of other offenses. This court, however, held in that case, following the earlier decisions, that the People must not only allege in the indictment the previous convictions, but must also prove them on the trial, in order to convict the defendant as a second offender. This was due to our statutory provisions and the practice which had grown up under them. In the opinion, this court called attention to the change which had been made in the English practice in this particular, saying:

" Under the present English practice, as changed by an act passed in 1837, the principal charge must be first passed upon by the jury and then the proof is to be presented of the former conviction. That may be fairer procedure from the prisoner's standpoint; but, as Chief Judge CHURCH . observed, in *Johnson* v. *People*, in adverting to the English practice, ' we have no such statute.' In the absence of legislation, effecting a change in the Code of Criminal Procedure, there is no warrant for departing from its requirements. The very fact, that in England it was necessary to enact a statute to remedy what was, probably, deemed a defect in criminal procedure at the common law, tends to show that, until legislation has changed the rule, it is essential that the prior conviction be proved by the People as a part of the case against the prisoner."

The English practice referred to first found embodiment in the Statute of 5 and 6 William IV, chapter 111, as stated in *Regina* v. *Shrimpton* (3 Car. & Kir. Rep. 373). Thereafter, previous convictions could not be proved before the jury until after the new charge had first been disposed of. The previous practice of proving old offenses on the trial of the new charge was thought likely to prejudice the prisoner. (See, also, *Regina* v. *Shuttleworth*, 3 Car. & Kir. Rep. 375.)

The Statute of 24 and 25 Victoria, chapter 96, section 116 (year 1861) provided in substance that in any indictment for an offense committed after a previous conviction of a felony, it should be sufficient after charging the subsequent offense to state that the offender was at a certain time and place convicted of a felony without otherwise describing the previous felony. The act then provided:

" The Offender shall, in the first instance, be arraigned upon so much only of the Indictment as charges the subsequent Offence, and if he plead Not Guilty, or if the Court order a Plea of Not Guilty to be entered on his

Behalf, the Jury shall be charged, in the first instance, to inquire concerning such subsequent Offence only; and if they find him Guilty, or if on Arraignment he plead Guilty, he shall then, and not before, be asked whether he had been previously convicted as alleged in the Indictment," etc.

In this country the matter had been viewed from another angle. No one ever doubted the wisdom or justice of punishing a second or third offender more severely than a first offender. Many times it was difficult to find out who the prisoner was, and whether he had been previously convicted of crime. Frequently, he assumed a false name and posed as a first offender when in reality he had been in prison many times before. This situation was met very early in Massachusetts in the Laws of 1817 and 1818, chapter 176, page 602, which provided increased punishment for second and third offenders. Stating that whereas at the time of the indictment and trial of the person charged with crime, it may not be known to the grand jury or the attorney for the Commonwealth whether the person so charged had been before convicted or not, the statute provided:

" That whenever it shall appear to the Warden of the State Prison, * * * that any convict, received into the same, pursuant to the sentence of any Court, shall have before been sentenced, by competent authority of this or any other state, to confinement to hard labor for term of life or years, it shall be the duty of the said Warden, * * * to make representation thereof, as soon as may be, to the Attorney or Solicitor General; and they or either of them shall, by information, or other legal process, cause the same to be made known to the Justices of the Supreme Judicial Court, * * * and the said Justices shall cause the person or persons, so informed against, to be brought before them, in order, that if he deny the fact of a former conviction, it may

be tried according to law, whether the charge contained in such information be true. And if it appear by the confession of the party, by verdict of the jury, or otherwise, according to law, that said information is true, the Court shall forthwith proceed to award against such convict, the residue of the punishment provided in the foregoing section; otherwise the said convict shall be remanded to prison, there to be held on his former sentence."

Under this statute a prisoner previously convicted was brought before the court on an information filed by the warden of his jail, and given an additional or increased sentence, it having been ascertained that he was an old offender. (Ross Case, 2 Pick. 165, year 1824.)

In Graham v. West Virginia (224 U. S. 616) the Code of West Virginia was before the court which embodied the substance of the Massachusetts statute. It was there said that the statutes were derived from the laws which were in force in Virginia before West Virginia was created, and formed part of the Code of Virginia of 1860, chapter 199, which in turn had been taken from the Code of 1849, chapter 199. The West Virginia Code, chapter 152, sections 23 and 24, provided an additional sentence of five years for a prisoner previously sentenced to the penitentiary, and a life imprisonment if twice before sentenced to such imprisonment. The Code then provided, following the Massachusetts statute, as follows:

" 2. When a prisoner convicted of an offense, and sentenced to confinement therefor in the penitentiary, is received therein, if he was before sentenced to a like punishment, and the record of his conviction does not show that he has been sentenced under the twenty-third or twenty-fourth section of chapter one hundred and fifty-two, the superintendent of the penitentiary shall give information thereof, without delay, to the said circuit court of the county of Marshall, whether it be

alleged or not in the indictment on which he was so convicted, that he had been before sentenced to a l ke punishment.

" 3. The said court shall cause the convict to be brought before it, and upon an information fi.ed, setting forth the several records of conviction, and alleging the identity of the prisoner with the person named in each, shall require the convict named to say whether he is the same person or not.

" 4. If he say he is not, or remain silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empaneled to inquire whether the convict is the same person mentioned in the several records.

" 5. If the jury find that he is not the same person, he shall be remanded to the penitentiary; but if they find that he is the same person, or if he acknow edge in open court, after being duly cautioned, that he is the same person, the court shall sentence him to such further confinement as is prescribed by chapter one hundred and fifty-two, on a second or third conviction, as the case may be."

The United States Supreme Court held this Code to be constitutional.

These laws and decisions of other States I have referred to and quoted in order to show that the action of the State of New York in adopting chapter 457 of the Laws of 1926, amending sections 1941, 1942 and 1943 of the Penal Law, commonly known as the " Baumes Act," was nothing new. The practice was a century old. Either out of fairness to the prisoner or else for public safety, the method of charging a prisoner after conviction, not before, with having been previously convicted of crime, and sentencing him accordingly, was well-known to the law.

This court, in *People* v. *Rosen* (208 N. Y. 169, decided 1913), again held, following the *Sickles Case* (*supra*), that in order to convict a prisoner as a second offender and

give him increased punishment, it was necessary to allege his previous convictions in the indictment and to prove them on the trial. Now we have changed all this and adopted the other practice. Previous convictions need not be alleged in the indictment, nor proved upon the trial of the new charge. This to me seems eminently fair to any prisoner. When he is charged and tried for a crime, his previous record may· not be used to influence the jury to convict him of that crime. The proof against him is to be the same as if he were a first offender, unless possibly he takes the stand. But when he is convicted, then comes the question of his sentence, and he is no longer to be treated as a first offender. He may then for the first time be confronted with his record, and sentenced to a severer punishment, as he should be, if it turns out that he has previously transgressed the law. The old practice is still permissible; the indictment, as formerly, may plead the prior convictions, and proof of them may be given at the trial under such pleading, but it is no longer necessary. The indictment may charge only the new ·offense for which the prisoner is to be tried; on the trial the People will not and cannot offer as part of their case previous convictions. When, however, the trial is over, and the defendant stands convicted, then the previous record must be considered in determining the sentence. Prior convictions logically and in fact have little or nothing to do with proof of the defendant's guilt of a new crime; a man is not guilty of breaking the law merely because he has broken it before; but when the proof shows him to be guilty, then his past acts have much to do with the way he should be treated. The punishment for the second offense is increased because of his apparent persistence in the perpetration of crime and his indifference to the laws which keep society together; he needs to be restrained by severer penalties than if it were his first offense.

Sections 1942 and 1943 read as follows:

" Sect. 1942. Punishment for fourth conviction of felony.

"A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonies, commits a felony within this state, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a state prison for the term of his natural life. A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section.

" Sect. 1943. Procedure relating to resentencing.

" If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth either in section nineteen hundred and forty-one or nineteen hundred and forty-two, it shall be the duty of the district attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had shall cause the said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights,

that he is the same person, the court shall sentence him to the punishment prescribed in said sections nineteen hundred and forty-one and nineteen hundred and forty-two, as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated. Whenever it shall become known to any warden or prison, probation, parole, or police officer or other peace officer that any person charged with or convicted of a felony has been previously convicted within the meaning of said sections nineteen hundred and forty-one or nineteen hundred and forty-two, it shall become his duty forthwith to report the facts to the district attorney of the county."

Section 1941 provides the punishment for a second or third felony. Chapter 457, Laws of 1926, changed the words " any crime " to " any felony." Now if a person commits any felony (not any " crime ") he must receive increased punishment if previouly convicted of felony. Section 1942 provides life imprisonment for the fourth felony. It is unnecessary, however, in any case to allege the previous convictions in the indictment. Under the procedure of section 1943 a second or third offender is to be sentenced as provided in section 1941. If he is a fourth offender, he is to be sentenced according to the provisions of section 1942. These so-called " Baumes Laws " do not deal merely with life imprisonment for fourth offenders; they reach out also to those convicted for the second and third time.

We find nothing unconstitutional in these amendments of 1926. Similar provisions, as has been stated, have existed for a long time in other jurisdictions, and the courts have uniformly held them to be legal. Our own decisions have strongly intimated, if not directly stated, that the matter was subject to legislative control. Such is to be gathered from our statement in the *Sickles* case, which I have quoted above, and from the *Rosen* case, wherein Chief Judge HISCOCK said:

" It may also be assumed that the legislature might, provide for an independent trial of the question whether a convicted person had been convicted of a prior offense and make an affirmative determination reached in such proceedings the basis for the additional punishment on the last conviction, although such prior offense had not been charged in the indictment for the later crime. (*McDonald* v. *Massachusetts*, 180 U. S. 311; *Graham* v. *State of West Va.*, 224 U. S. 616.)    But it is sufficient for the purposes of this discussion to say that no such provision has been made."

We will pass to the next point which has been raised. The judge, it is said, did not follow the provisions laid down in section 1943 of the Penal Law.    Of course this law is to be followed in all its terms and provisions.    The Legislature has enacted what shall be done, and the courts and juries must comply with it.    Opinions regarding the wisdom or severity of its enactments are matters for the Legislature, not the courts.

These two defendants had previously been convicted six times.    After their last conviction they were brought before the trial judge on an information filed by the district attorney, setting out their previous convictions in full.    They were informed of the allegations contained in the information, and required to say whether they were the persons mentioned.    The record fails to state whether the judge informed them of their right to be tried by a jury as to the truth of the charge.    This should have been done because the statute says so.    It is not a formality which is to be brushed aside as unnecessary.    It is a requirement, however, which may be waived either expressly or by implication.    Even a constitutional provision for the benefit of a prisoner may be waived.    (*Diaz* v. *U. S.*, 223 U. S. 442.)

In our judgment this requirement was waived in this case.    The prisoners were represented by counsel who pleaded guilty for them to the charges in the information,

insisting, however, that the amendments to the Penal Law were unconstitutional, and that the court had no right to sentence the defendants to life, as the indictments did not contain a statement of the previous convictions. This was the one and only point the counsel raised before the trial judge. He was told by the judge that if the defendants had denied their identity or that they were the individuals previously convicted, they then could contest the matter before a jury. No claim was made at any time that they were not the proper individuals, and rightly charged. Under these circumstances, we think that this omission on the part of the judge was due largely to the attitude of the defendants' counsel and amounted to a waiver of the defendants' right to be told that they could have a jury trial if they denied the statements in the information.

However, again let us call attention to the necessity of following all the requirements of this section. The prisoner is entitled upon the presentation of the information to be informed of his right to be tried as to the truth thereof. But it should also be noted that there is a limitation to this right. The only thing that is to be tried before a jury is the identity of the prisoner. By the information he is charged with having been previously convicted. If he denies it, his previous conviction is the only thing to be tried. Is he the same person mentioned in the several records as set forth in the information? This is the only question to be submitted to the jury, and the only question which they are to answer by their verdict. The guilt or innocence of the defendant under the previous convictions does not enter into the case at all. It is a simple matter and should not be confused in the minds of the jury by any suggestions of consequences which may follow from their finding. My experience with juries has been that they generally do their duty when it is made clear to them.

Another matter we must call to the attention of prose-

cuting attorneys arising in this case on another point made by the appellants' counsel. They were charged with burglary in the third degree, and for some reason took a plea of an attempt to commit burglary in the third degree. The record fails to show that this was not entirely proper; we must assume that the plea taken was for the crime of which the defendants were guilty. It is insisted, however, that the defendants took a plea in the lower degree of crime, thinking thereby to receive a lighter sentence than if they had pleaded to burglary in the third degree, and were thereupon unexpectedly sentenced to life imprisonment. District attorneys must be careful not to take a plea from a prisoner of a lesser degree of crime under circumstances which may lead him to believe that he is not to be dealt with as a second offender. This is fair to any man, no matter how bad he may be. The new crime charged against him must first be proved before he can be treated as a second offender. If he knowingly pleads guilty, this takes the place of proof, and he must stand the consequences of his previous bad record. Where there is any misunderstanding as to the circumstances under which a plea of guilty was taken, the judge might very well exercise his discretion, permit the pleas to be withdrawn and place the defendant on trial. All of which means that these laws are to be administered fairly on all sides, that they may accomplish the end which the Legislature had in view.

Especially should there be no intimations of a lower sentence for a plea, as neither the court nor district attorney have any discretion under section 1943 of the Penal Law regarding the punishment. This is fixed by statute, not by the court. The district attorney is charged with the duty of filing an information accusing the convicted defendant of his previous convictions. This is not discretionary; it is mandatory. Even prison

30

officials are under duty to report the records of prison inmates when they have been sentenced under a misapprehension of being first offenders. The section also states what the court shall do. The court shall sentence second and fourth offenders " to the punishment prescribed in said sections nineteen hundred and forty-one and nineteen hundred and forty-two, as the case may be." The word " shall " in this connection means the same as the word " must " in section 1941. I do not believe that the Legislature intended to make the sentence provided in section 1941 mandatory as to second and third offenders, and that of section 1942 discretionary as to fourth offenders. Neither did the use of the word " shall " in section 1943 modify the compulsory force of the word " must " in section 1941. If the information charges one previous conviction, and it •be true, the court " shall " sentence to the punishment prescribed in section 1941; which says that " such person *must* be sentenced to imprisonment for a term not less than the longest term," etc. This word " shall " as thus used in section 1943 leaves no discretion in this particular to the court or judge.

This may work extreme hardship in certain cases where the sentencing judges would be justified in feeling that the punishment was too severe for the nature and circumstances of the crime or crimes committed, but these are matters for the Legislature or the Executive. Courts have no inherent power to modify statutes to meet exceptional cases. Courts declare the law as it is.

The judgment should be affirmed.

LEHMAN, J. (dissenting). I concur fully in the opinion of Judge CRANE, except as to those parts which deal with the question of whether these defendants have waived their right to be tried by a jury, according to law, as to the truth of the information filed against them.

The Legislature has decreed that a person who has committed a felony within this State after having been

1927.]        Dissenting opinion, per LEHMAN, J.    [244 N. Y. 451]

three times convicted of other felonies shall be sentenced
to imprisonment for the term of his natural life.   It has
determined, as it might do, that an offender who by
repeated crimes has shown that he is unfit for liberty
shall forever be deprived of his liberty.   There may be
cases where special circumstances are present which would
lead a wise judge to believe that less severe punishment
would better fit the crimes committed.   A judge may
fit the punishment to the crime only where the law leaves
room for the exercise of discretion in a particular case.
Justice in our courts may be meted out only according to
law.   When by act of Legislature the law provides that
particular acts shall have definite consequences, there is
no room for the exercise of discretion by the court or
judge.   When the law provides that after four convictions
of crime, justice must be unbending and uniformly severe,
the court may not temper justice with mercy, nor measure
justice by other yardstick than that which the law
provides.

The defendants have pleaded guilty to attempt to
commit burglary in the third degree.   The law makes
such plea equivalent to conviction of that offense.   In
the same statute which provides that sentence of life
imprisonment must follow, if these defendants have
previously been three times convicted of a felony, the
Legislature has scrupulously guarded against possibility
of mistake in imposing such sentence, by provision that
after information is filed against them accusing them of
previous convictions the offenders shall have the right
to trial by jury as to the truth of the allegations contained
in the information.   These defendants stand in the shadow
of a prison which they may perhaps never leave.   They
have not had such trial, but by their own admission the
allegations of the information are true.   If the law per-
mits the judge to pass sentence because of such admission;
if these defendants have waived their right to be tried by
jury in regard to matters which they admit to be true,

then the justice meted out to them, though severe, is justice according to the law. If the law provides that sentence may not be imposed till the truth of the information is established in other manner, then the sentence is without warrant in law. Some judges may doubt the wisdom of the law when it provides that sentence of life imprisonment must be imposed upon all persons convicted of felony four times, regardless of the particular circumstances which may differentiate the degree of guilt. Some judges may doubt the wisdom of the law when it provides that such sentence may be imposed only when the previous convictions have been established under safeguards which to them seem unnecessary. In spite of such doubts, all judges may exercise only those powers which the law gives them. Provision which is made for the protection of the individual that sentence may be imposed only after truth of the allegations of the information has been established under statutory safeguards, is no less binding upon all judges than provision made for the protection of society that when sentence is imposed it shall not vary according to the varying circumstances of each case.

The provisions of the statute as to when sentence may be pronounced are as mandatory as the provisions which fix the sentence. After information has been filed the court must bring the offender before it and *"shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law*, and shall require such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer, or remains silent, his plea, or the fact of his silence, shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or *if he acknowledges or confesses in open court, after being duly cautioned as to his*

*rights,* \* \* \* the court shall sentence him to the
punishment prescribed in said sections nineteen hundred
and forty-one and nineteen hundred and forty-two."
(Italics are mine.) Not until the court has informed the
offender of his right to be tried as to the truth of the
allegations contained in the information, may the offender
be questioned; and as prerequisite to sentence there must
be finding of the jury or acknowledgment or confession in
open court *after* the offender has been duly cautioned as
to his rights.

The record of all the proceedings on sentence duly
certified according to law are before us. They show
that the defendants were questioned as to previous con-
victions and admitted them. They do not show that
the accused were informed as to their rights. Sentence
was imposed upon their acknowledgment or confession —
though such acknowledgment or confession was not made
after the caution which the statute in unmistakable
language requires, before the court may make it the
basis for sentence.

It is said that these defendants have waived the require-
ment that they be informed of their rights and cautioned,
because their counsel did not object on this ground. I
will assume that even this provision, intended to safeguard
the rights of the offender, may be waived. The law
should not be so construed as to require a useless formula.
If the offender is shown to have actual knowledge of his
rights, information and caution that he may avail himself
of them might be regarded as a vain and empty thing.
I cannot see how the requirement that he be informed
of his rights can be waived by any person unless he
knew his rights even without such information. That
the offender did know his rights may certainly not be
presumed as a basis for waiver of express requirement
that he be *informed* of his rights. That requirement is
inserted for the very purpose of protecting a person who
may possibly be ignorant of his rights. It negatives

any presumption, if such presumption there be, that the offender knows the law. Silence can form basis for waiver only if the offender remains silent when he has knowledge that he may speak. The requirement that an offender be informed and cautioned as to his rights to a trial by jury is the legislative determination that failure to object to sentence without information given by the court as to his rights may not be accepted as a waiver of such rights, and renders admission of the truth of an information made without caution insufficient basis for sentence. Doubtless counsel for the defendants did know of the rights of the defendants. He chose not to insist upon them. We might perhaps speculate why he made that choice. An attorney has authority to represent the accused in most respects, but I can find neither sound reason nor authority for a holding that failure by counsel to raise appropriate objection can be held to be a waiver in behalf of an offender of an express provision that sentence of life imprisonment may be imposed upon acknowledgment by the offender of the truth of the information filed, only if such acknowledgment is made by the offender " in open court after being cautioned as to his rights." Requirement that information and caution as to his rights be given to the offender before acknowledgment of guilt may be accepted as proof, is inserted not once but twice in the statute. If the Legislature had intended that it should apply only when an offender is not represented by counsel, the Legislature could have so stated.

It may be argued that since the defendants acknowledge truth of the information, trial by jury of its truth would be a mere formality. That is an argument that might perhaps have appealed to the Legislature; it may not be considered by the court when the Legislature has said acknowledgment or confession may be acted on by the court only when made *after* caution. Judges may assume that these defendants have been four times con-

1927.] Dissenting opinion, per LEHMAN, J. [244 N. Y. 451]

victed of felony when such convictions are established by the records and the acknowledgment of the offender. They may not base sentence upon that assumption when the Legislature forbids. Determination of the truth of the information is in all cases left to the jury, unless acknowledgment or confession is made in open court after caution.

The ideal of justice is that the guilty shall never escape punishment and the innocent shall never be accused falsely or convicted mistakenly. In practice, justice under our law and procedure doubtless falls far short of this ideal, and the guilty at times escape because of rules intended for the protection of the innocent. The courts have doubtless often magnified technical rules of procedure into guarantees of rights assumed to be fundamental, and have created rules which hamper the administration of justice by false assumption that such rules are necessary for the protection of the rights of the accused. Substance has been obscured in a mist of shadowy and deceptive analogy; technicality has pushed aside reason. Courts and Legislature within the respective spheres of their authority are considering in the light of present-day conditions and past experience by what rules we may approach more closely to our ideal of justice. Balance must be found between solicitude lest the accused should be wrongfully punished and insistence that the guilty should not escape. Neither consideration may be ignored. In the case before us the Legislature has acted. It has given a mandate to the courts that they must in certain cases impose sentence of life imprisonment; but out of solicitude for the accused it has provided that such sentence may be imposed only when truth of the information is established in a certain way. Truth otherwise established gives the court no power to impose the sentence. The courts may not create new technicality to destroy rights guaranteed by law, any more than they may create technicalities to

hamper the administration of the law. Justice is done according to law by sentence that the doors of a prison shall forever close upon an accused only when guilt has been established according to law. That has not been done here.

The judgment should be reversed and the case remitted to the Court of General Sessions for resentence after proceeding upon the information in accordance with law.

CARDOZO, Ch. J., POUND, ANDREWS and KELLOGG, JJ., concur; LEHMAN, J., dissents in opinion.

Judgment affirmed.