JOSEPH DiCARLO, Appellant, v. ALBERT FELDMAN, Respondent, and Another, Defendant.— Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event. Memorandum. If the trial court had sent the case to the jury, we may assume that he would have correctly charged that there could be no recovery against the appellant because of a defective condition of the accelerator which was unknown to the owner — but that a recovery by plaintiff might be based upon a finding sufficiently supported by proof that under the physical conditions presented the driver of the car did not have it under proper control. In the circumstances the case of *Galbraith* v. *Busch* (267 N. Y. 230) is not controlling in favor of respondent and the nonsuit should not have been granted. All concur. (The judgment was for defendant by direction of the court in an automobile negligence action.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

BESSIE M. YOUNG, Respondent, v. SHERWOOD A. YOUNG, Appellant.— Judgment and order affirmed, with costs. All concur. (The judgment is for plaintiff for personal injuries in an automobile negligence action. The order denies a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN LUCAS LOPEZ, Appellant, v. Hon. JOSEPH H. BROPHY, as Warden of the State Prison, at Auburn, New York, Respondent.— Order modified by directing that the prisoner be returned to the County Court of Chautauqua county for resentence, and as so modified the order is affirmed, without costs on this appeal. Memorandum. Relator having been convicted of a felony, the district attorney filed an information, pursuant to section 1943 of the Penal Law, accusing him of having been previously convicted of three felonies. Relator admitted that he was the same person mentioned in the information, and that he committed the crimes named therein, but, from the record, it does not sufficiently appear that all of the three crimes mentioned in the information were such as would be felonies if committed within the State of New York. (*People* v. *Voelker*, 220 App. Div. 528; *People* v. *Knox*, 223 id. 123.) All concur. (The order dismisses a writ of habeas corpus and remands relator to custody.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

MILTON JACOBSON, Respondent, v. THE CITY OF BUFFALO, Appellant.— Judgment affirmed, with costs, on the authority of *Deming* v. *Terminal Ry. of Buffalo* (169 N. Y. 1); *Turner* v. *City of Newburgh* (109 id. 301). All concur. (The judgment affirms a judgment of the Buffalo City Court for damages for personal injuries in an automobile negligence action.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

ROSE LEVIN, Respondent, v. THE CITY OF BUFFALO, Appellant.— Same decision and like cause of action as in companion case of *Jacobson* v. *City of Buffalo* (*ante*, p. 682), decided herewith. Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

HERMAN LEVIN, Respondent, v. THE CITY OF BUFFALO, Appellant.— Same decision and like cause of action as in companion case of *Jacobson* v. *City of Buffalo* (*ante*, p. 682), decided herewith. Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.