In the Matter of the Application of CHARLES M. REICHEL, Petitioner, against JOSEPH W. MOORE and Others, Individually and as the Board of Parole for State Prisons, Respondents.

Supreme Court, Special Term, Albany County, February 13, 1936.

*George W. Herz*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Caleb Candee Brown, Jr., Assistant Attorney-General*, of counsel], for the respondents.

BERGAN, J.   The petitioner, Charles M. Reichel, applies for a peremptory order of mandamus to require the respondents, constituting the State Board of Parole, to consider his application for parole and to assume jurisdiction of such application of the petitioner who is confined as a prisoner at Sing Sing Prison under a judgment of the County Court of Queens county.

In November, 1933, petitioner was indicted by the grand jury of Queens county in three indictments charging him with robbery in the first degree, grand larceny in the first degree and assault in the second degree, as a second offender. Upon one of the indictments he was acquitted, another was dismissed, and the petitioner was convicted of the crime of assault n the second degree as a first offender. Upon the trial the petitioner, having taken the stand in his own behalf, admitted he had previously been convicted of the crime of burglary and had been sentenced to Elmira Reformatory. Following his conviction for assau t in the second degree as a first offender, the petitioner, in answer to questions propounded by the clerk in the examination required by section 485-a of the Code of Criminal Procedure, stated that he had been previously convicted of the crime of burglary.

The County Court, on April 6, 1934, sentenced the petitioner to an indeterminate term of not less than two years nor more than four years at Sing Sing Prison. Having served sixteen months of the minimum sentence, making due allowance for compensation, the petitioner applied to the Board of Parole to consider his application for parole. The Parole Board, however, has declined to exercise jurisdiction of such application, and this proceeding is brought to require such board to entertain the petitioner's application, but not, of course, for any direction with respect to the determination of the application when it has assumed jurisdiction.

Notwithstanding the provisions of section 1943 of the Penal Law (Laws of 1926, chap. 457), which establishes a mode of procedure for the determination of the identity after a conviction of a felony of a person previously convicted of a felony, the procedure adopted here of indicting the petitioner as a second offender and trying both issues before the jury is still permissible. (*People* v. *Gowasky*, 244 N. Y. 451.) There, Judge CRANE, writing for the court, said (at p. 460): " The indictment, as formerly, may plead the prior convictions, and proof of them may be given at the trial under such pleading, but it is no longer necessary."

It is conceded on the argument that the petitioner was, as a matter of fact, a person who had previously been convicted of a felony punishable by imprisonment in a State prison, but it is urged that, whether such be the fact or not, the determination of the jury as to such fact was conclusive upon the trial court, and that upon such a verdict the court was required to impose an indeterminate sentence in accordance with section 2189 of the Penal Law. (*People ex rel. Gray* v. *Warden of New York County Penitentiary*, 168 N. Y. Supp. 708.)

It is argued from this that such judgment is likewise conclusive upon the Board of Parole.

But while the trial court may have been bound to give a judgment that accorded with the determination of the triers of the facts, I do not regard the effect of the judgment of an indeterminate sentence, or the determination of a jury that the petitioner was a first offender, alone to have operated to require the Parole Board to exercise jurisdiction upon his application for parole.

The right of prisoners incarcerated in State prisons to parole is the creature of statute, and such right must be found only under circumstances where there is express statutory authority. Article 8 of the Correction Law is the governing statute. Section 210 of the Correction Law provides that, " subject to other provisions of law," the Board of Parole " shall be charged with the duty of determining what prisoners serving an indeterminate sentence in state prisons and the Elmira Reformatory may be released on parole and when and under what conditions."

Under the judgment of the court and the sentence imposed, the petitioner shows that he is a prisoner " serving an indeterminate sentence " in a State prison. The " other provisions of law " to which the Parole Board is subject, however, it seems to me, impose a further limitation upon its jurisdiction. Section 212 provides: " Every person sentenced to an indeterminate sentence and confined in a state prison *who has never before been convicted of a crime punishable by imprisonment in a State prison,* when he has served a period of time equal to the minimum sentence imposed by the court for the crime of which he was convicted, shall be subject to the jurisdiction of the Board of Parole." (Italics mine.) The petitioner brings himself within the definition of a person sentenced to an indeterminate sentence, and hence satisfies the first requisite of jurisdiction, but he is not a person " who has never before been convicted of a crime punishable by imprisonment in a State prison," and is, therefore, not, under section 212, subject to the jurisdiction of the Board of Parole. Further and specific limitation upon the jurisdiction of the Board of Parole is to be found in section 223 of the same act, which is the concluding section of article 8, and which has the express purpose of limiting the application of the article. This provides that article 8 shall apply to every person serving an indeterminate sentence in State prison, but it adds the words, " and who has never before been convicted of a crime punishable by imprisonment in a State prison." In this section it is significant that the word " and " is used following the words relating to indeterminate sentences. The statute further provides, with reference to article 8, " it shall not apply to any other persons."

A reasonable construction of the sections providing jurisdiction of the Parole Board in the cases of certain prisoners in State prisons

is that it was the intention of the Legislature to establish two prerequisites for the exercise of such jurisdiction: (a) an indeterminate sentence; (b) that the prisoner should be a person who has not previously been convicted of a felony. The indeterminate sentence in this case is only a part of the jurisdictional requirement of the statute. The prisoner must be a person who has not previously been convicted of a felony. This he has not shown, and it follows that the petition for peremptory mandamus.should be denied, without costs.

Submit order accordingly.