THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM CULLEN, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton Prison, Dannemora, New York, Respondent.

Third Department, March 22, 1939.

*William Cullen*, appellant and attorney in person.

*John J. Bennett, Jr., Attorney-General* [*Victor F. Boire, Assistant Attorney-General*, of counsel], for the respondent.

On September 22, 1930, petitioner received a determinate sentence of twenty-five years for robbery, first degree. Although no information was filed charging him with being a second offender, and he was not indicted as such, the record discloses that he was examined on oath by the court before judgment was pronounced and upon such examination stated that he had previously been convicted of a felony.

He now insists that upon such conviction in 1930 he should have received an indeterminate instead of a determinate sentence. The sentence imposed was proper. (*People* v. *Daiboch*, 265 N. Y. 125; *People* v. *Simon*, 178 App. Div. 660.)

The relator was before the court on a writ of habeas corpus granted on his own application, and has thereby submitted to the court the whole question of his right to a discharge. (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46.) Having admitted the prior felony it was unnecessary to make further proof of the fact. (*People ex rel. Rothermel* v. *Murphy*, 274 N. Y. 281.)

Order affirmed, without costs.

HILL, P. J., RHODES, McNAMEE and HEFFERNAN, JJ., concur; BLISS, J., dissents, with an opinion.

BLISS, J. (dissenting). The relator is appealing from an order dismissing his writ of habeas corpus and remanding him to the custody of the warden of Clinton Prison. His petition alleged that upon conviction by a jury of the crime of robbery in the first degree in the County Court of Rockland county he had been sentenced to a term of twenty-five years and that the sentence was illegal because a determinate sentence could be imposed only upon persons previously convicted of a felony, that he had not been indicted as a second offender, that no information had been filed against him

to show that he had been previously convicted of a felony. He also alleged that he had never before been convicted legally of a felony and, therefore, the determinate sentence was a violation of section 2189 of the Penal Law, which then provided that a person who had never been convicted of a crime punishable by imprisonment in a State prison who was convicted of a felony other than murder, first or second degree, and sentenced to a State prison should be sentenced thereto under an indeterminate sentence. Attached to the petition is the certificate of conviction of the County Court of Rockland county, dated September 22, 1930, showing that appellant received a sentence of twenty-five years. It also states that when the defendant was examined on oath by the court before judgment was pronounced he stated that he had " previously been convicted of a felony." The allegation that relator had not been indicted as a second offender and that no information such as was then and now is required by section 1943 of the Penal Law, charging a previous felony conviction, had been filed against him, is not denied. The return of the warden to the writ of habeas corpus states that he is detaining the appellant by virtue of two commitments, one of which was the commitment above mentioned, dated September 22, 1930, imposing the determinate sentence of twenty-five years. The other commitment was by the County Court of Rockland county, dated April 16, 1924, sentencing the appellant to Sing Sing Prison for a definite term of ten years. It is apparent that the term of ten years imposed by the last commitment terminated several years ago and that the only purpose of the warden in presenting it to the court was an effort to prove the alleged previous conviction of relator.

It is urged by the majority that the statement by the appellant when he appeared for sentence on September 22, 1930, that he had previously been convicted of a felony was a sufficient basis for the court to then sentence appellant as a second offender to a determinate sentence of twenty-five years. At that same time appellant stated that he was thirty years of age and had been born in Haverstraw, N. Y., while the commitment attached to the return shows a conviction of one William Cullen on April 16, 1925, in the County Court of Rockland county and that the person being sentenced was twenty-two years of age and had been born in Spring Valley, N. Y. This commitment thus establishes *prima facie* at least that it was not this appellant who was sentenced in 1924.

The question presented is whether appellant's statements under oath upon his allocution that he had previously been convicted of a felony justified the court in imposing a sentence as a second offender. At that time section 1943 of the Penal Law made it

the duty of the district attorney to file an information accusing a convicted felon of previous convictions for a felony within the State of New York or of crimes which, if committed within this State, would be felonies. The statute directed the court upon the filing of such information to inform the person so charged with having been previously convicted of his right to be tried as to the truth thereof and if he denied such previous conviction or failed to plead thereto a jury should be impaneled to inquire whether the accused was the same person mentioned in the several records set forth in the information. It also provided that before being permitted to confess in open court that he was such same person he should be duly cautioned by the court as to his rights.

It is undisputed in the present case that section 1943 of the Penal Law was in no respect complied with. Judge CRANE, writing for the majority of the court in *People* v. *Gowasky* (244 N. Y. 451), stated that section 1943 was to be followed in all its terms and provisions; that the Legislature had enacted what should be done, and that the courts and juries must comply with it. After calling attention to the fact that the two defendants who were there appearing for sentence had been previously convicted six times and that upon their conviction then under review they were brought before the trial judge on an information filed by the district attorney setting out their previous convictions, that they had been informed of the allegations contained in the information and required to say whether they were the persons mentioned, he said that the record failed to state whether the judge informed them of their right to be tried by a jury as to the truth of the charge, and that this should have been done; that it was not a formality to be brushed aside as unnecessary; that it was a requirement, however, that might be waived. The court held that there was a waiver of this right to be informed that they were entitled to a jury trial because the prisoners had been represented by counsel who pleaded guilty for them to the charges in the information and who raised only the point of the constitutionality of the sections of the Penal Law providing for additional punishment for recidivists. But the majority opinion twice calls attention to the necessity of following all the requirements of section 1943. Furthermore, Judge LEHMAN in a strong dissent urged that the defendants had not waived their right to be informed that they might have a trial by a jury as to the truth of the information filed against them. It was not held in *People* v. *Gowasky* that a defendant might waive in its entirety the requirements of section 1943 of the Penal Law and of course none of the extenuating circumstances which existed in *People* v. *Gowasky*, such as representations by counsel and the actual filing of an information, are present in the instant case.

There is no provision of law which permits the waiver of the filing of the information required by section 1943. We are told that *People* v. *Daiboch* (265 N. Y. 125) is authority for such a proposition. I do not so understand it. In that case an information was lodged against the defendant charging him with a previous felony conviction. Here there was none.

There is no proof in the instant case that the felony referred to by the appellant in his allocution was committed within the State of New York or that it was a crime which if committed within New York State would be a felony. There are many acts which are felonies where committed but which would not be felonies if committed within the State of New York. *People* v. *Knox* (223 App. Div. 123) furnishes an example of such a situation. That case gave as one of the grounds for reversing a sentence as a second offender that the record did not show that the defendant had been informed by the court of the allegations contained in the information — in that case an information had been actually filed against the defendant — or of his right to be tried as to the truth of the statements according to law, and it quoted the majority opinion in *People* v. *Gowasky* (*supra*) to support the holding.

The reasons for the necessity of compliance with section 1943 are set forth at length in the two opinions in *People* v. *Gowasky* and there is little that can be said further on the subject.

It may well be that this appellant is a second offender, but he has never been legally shown to be such and a comparison of the descriptions as given in the two statements attached to the two commitments indicates two different persons. There has not been the slightest attempt here to comply with section 1943 of the Penal Law and the appellant was, therefore, illegally sentenced as a second offender.

In *People ex rel. Lopez* v. *Brophy* (246 App. Div. 682) the relator had been convicted of a felony and the district attorney filed an information pursuant to section 1943 of the Penal Law accusing him of having been previously convicted of three felonies. He admitted that he was the same person mentioned in the information and that he committed the crimes named therein. Nevertheless, the court directed that he be returned for resentence because it did not sufficiently appear from the record that all of the three crimes mentioned in the information were such as would be felonies if committed within the State of New York. It thus appears that all of the requirements of section 1943 must be made before sentence as a second offender.

The sentence was clearly illegal and appellant should be returned to the Rockland County Court for the imposition of a proper sentence.