THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* GORDON JENMAN, Defendant.

Supreme Court, Special Term, Monroe County, April 3, 1945.

*Ray F. Fowler* for defendant.

*Daniel J. O'Mara, District Attorney (Harry L. Rosenthal* of counsel), for plaintiff.

CRIBB, J.   An indictment was found against the defendant the first count of which charged him with the crime of burglary in the third degree and the second with the crime of possession of burglar's instruments " the defendant having previously been convicted of the crime of burglary and larceny ".   Upon the trial the jury rendered its verdict of guilty on both counts.   A motion for a new trial and arrest of judgment was denied and sentence was imposed.   Defendant filed a notice of appeal from the judgment of conviction and from the order denying a new trial and arrest of judgment.   He then procured an order directing the People to show cause before this Special Term why a certificate of reasonable doubt pending appeal should not issue and the defendant be admitted to bail.   This order also stayed execution of the sentence pending the determination of this motion.

In support of this motion counsel for defendant stresses the fact that upon the trial the District Attorney was permitted to introduce evidence of defendant's previous conviction of a crime as part of the proof under the second count of the indictment charging him with violation of section 408 of the Penal Law.   This section reads: " A person who makes or mends, or causes to be made or mended, or has in his possession in the day or night time, any engine, machine * * * or implements adopted, designed or commonly used for the commission of burglary, larceny or other crime under circumstances evincing an intent to use or employ, or allow the same to be used or employed, in the commission of a crime, or knowing that the same are intended to be so used, shall be guilty of a misdemeanor, and if he has been previously convicted of any crime, he is guilty of a felony."   Counsel argues that the Legislature did not intend a previous conviction to be an element of the offense described in section 408, the fact of previous conviction being intended only to enable the court to pronounce a heavier sentence; that such proof offered by the People in

its main case immediately destroyed the presumption of innocence of the defendant, especially, as in this case, when the former offense was of the same nature as the one charged by the first count of the present indictment. He contends that the District Attorney should have been permitted to present proof only as to the possession by defendant of the alleged burglar's instrument and then, if the jury rendered a verdict of guilty, submit proof as to the previous conviction thereby enabling the presiding Judge to impose a heavier sentence.

I do not find that our courts have passed on this question of proof under section 408 involving facts quite like the ones here presented. The case nearest in point seems to be *People* v. *Reilly* (49 App. Div. 218, affd. 164 N. Y. 600) where the District Attorney in his opening, over objection, read to the jury the indictment charging violation of section 508 of the Penal Code — which section read the same as the present section 408 of the Penal Law. That indictment charged both possession of burglar's instruments and a previous conviction. During the trial the District Attorney admitted that he could not establish that the defendant had previously been convicted of larceny as charged and all testimony regarding such conviction was stricken out, and a conviction was asked for under said section 508 relating to a misdemeanor instead of a felony. The jury found the defendant guilty and the court affirmed the judgment of conviction. As to the propriety of reading the indictment to the jury the court said (p. 221): " The reading was but another way of stating what the district attorney expected to prove, and there being nothing to show that it was done in bad faith, it is not reversible error." Further discussing the facts in that case the court said (p. 222): " The indictment is for but one crime, but, to determine its grade, it is competent to prove when charged, as here, that the defendant has been guilty of a previous offense." It is true that the court did not specifically indicate whether such proof should have been presented before the jury during the trial or submitted to the court after the jury had found the defendant guilty. But it appears that some testimony as to the previous conviction had been received upon the trial but later stricken out. The reading of the indictment, and the submission of testimony as to the previous conviction, although later stricken out, may well have tended to prejudice the minds of the jurors — creating the same situation as the defendant complains of in the present case. Nevertheless the judgment of conviction was affirmed. In *People* v. *Gowasky* (244 N. Y. 451, 460) in

discussing the new practice under sections 1941, 1942 and 1943 of the Penal Law, the court said: '' The old practice is still permissible; the indictment, as formerly, may plead the prior convictions, and proof of them may be given at the trial under such pleading, but it is no longer necessary.'' I therefore reach the conclusion that it was not error for the court in the instant case to receive in evidence the proof offered by the People as to the previous conviction of the defendant. The presiding Judge correctly charged the jury as to the purpose of its receipt in evidence.

Counsel for defendant has presented several other alleged reasons for the granting of this motion. However, after carefully reading the record as well as the briefs and cases submitted in behalf of the respective parties, I am satisfied the motion should be denied. The case was properly presented to the jury and it was justified under all of the evidence in finding the defendant guilty as charged in both counts of the indictment. It was for the jurors to determine whether they would believe the alibi witnesses sworn by the defendant or the witnesses who testified in behalf of the People.

Motion denied.

Let order enter accordingly.