Fuld, J.
(dissenting). I cannot agree, for, in my view, the present decision not only misconstrues the applicable statutory provisions but directs a course most unreal. Analysis of the provisions in question establishes the first, and realization of precisely what is being decided and ordered demonstrates the second.
In 1949, defendant was convicted in the Monroe County Court, following his plea of guilty, of grand larceny in the first degree. The district attorney filed an information, as prescribed by section 1943 of the Penal Law, accusing him of “having been [previously] convicted ’ ’ of two felonies, the crimes of burglary in 1929 and attempted grand larceny in 1925. The information was read to defendant. Then, after he had admitted that he was the person charged therein, the judge, observing that he had been 1 ‘ a consistent violator of the penal laws of this state ” for “ approximately 25 years ” and had *37 “ actually committed six felonies,” sentenced him, pursuant to section 1941 of the Penal Law, as “ a third felony offender.” The 1925 conviction listed in the information had resulted in a sentence which we all regard as a suspended sentence.[1] Contending that the court had erred in using that sentence “as a basis of third offender treatment,” defendant moved to vacate and set aside the 1949 judgment. The County Court and a unanimous Appellate Division found the sentence proper; this court, however, has accepted defendant’s argument and is directing his resentence as a “ second” offender, despite the indisputable fact, acknowledged by everyone, that he may be sentenced as such “ second ” offender to the precise same term of imprisonment as that imposed in 1949, namely, 15 to 20 years.
Insofar as relevant, section 1941 of the Penal Law provides that a person ‘ ‘ who, after having been once or twice convicted * * * [within or without the state] * # * commits any felony, within this state, is punishable upon conviction of such second or third offense ” by imprisonment for a term not less than one half of the longest term prescribed upon a first conviction and not more than twice such longest term. And section 470-b of the Code of Criminal Procedure recites that,
“ For the purpose of indictment and conviction of a second offense, the plea or verdict and suspension of sentence or suspension of execution of the whole or part of the judgment after sentence shall be regarded as a conviction, and shall be pleaded according to the fact.”
While there may be superficial support for the position that a suspended sentence may be deemed a conviction solely for the purpose of convicting a defendant as a “ second ’ ’ offender, even that support disappears when we trace the history and development of those sections from the time they first appeared on the statute books.
*38 We look first to section 688 of the Penal Code — section 1941’s predecessor — as it read in 1893:
“ Second offense. A person who, after having been convicted within this state of a felony * * * commits any crime within this state, is punishable upon conviction of such second offense, as follows:
# # #
“2. If the subsequent crime is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction. ’ ’ (Emphasis supplied.)
There was no doubt that a suspended sentence amounted to a conviction under section 688; in so many words, section 470b of the Criminal Code, as enacted in 1893, declared that a ‘ ‘ suspension of judgment ’ ’ was to be regarded as a conviction for “ the purpose of indictment and conviction of a second offence ”.
Section 470b was designed to implement section 688; it was to give meaning to the term “ conviction ” whenever a defendant was to be sentenced as a second offender under the latter statute. Manifestly, then, the reach of the term “ second offence ” in section 470b necessarily depended upon its content and coverage as used in section 688. That section prescribed heavier punishment for anyone convicted of crime in this state after having previously been convicted of a felony. It mattered not whether the defendant had been previously convicted of one, two or three felonies, the statute applied to all prior felony offenders equally, whether they were second, third or fourth offenders.
In other words, when it initially dealt with the subject, the legislature lumped all subsequent offenses together under the label [1] ‘ second ’ ’ offense and provided similar treatment for all offenders who had previously been adjudged guilty of crime. With the passage of section 688-a in 1907 (L. 1907, ch. 645), the fourth offense was removed from the coverage of section 688, but the latter section — and it became section 1941 of the Penal Law in 1909 — continued to embrace the third, as well as the second, offender.
*39 A somewhat different approach bears out the validity of this conclusion. Section 688 referred to a “ second ” offense, section 688-a, after 1907, to a “ fourth ” offense. There was no explicit mention of a “ third ’ ’ offense, and, unless such an offense was covered by section 688, the third offender would of necessity have been treated less severely than the second. That, of course, could not have been the case. As suggested, the answer is that the third offender was included within section 688 until 1909 and within section 1941, its successor in the Penal Law, after that year. The legislature had mandated heavier punishment for a second offender than for a first offender and, after 1907, still heavier for a fourth offender. A person, convicted after two previous offenses as a so-called “ third ” offender, was not to be treated more lightly or leniently than one only once before adjudged guilty. Indeed, our reasoning and conclusion is further borne out by the fact that in 1927 —when section 1941 made no mention of “ third ” offense, but only of a “ second ”— this court expressly observed that “ Section 1941 provides the punishment for a second or third felony.” (People v. Gowasky, 244 N. Y. 451, 457, 462.)
Analysis reveals, therefore, that the legislature intended, and section 470-b provided, that in every case involving a defendant subject to the heavier punishment demanded by section 688, whether as a second or third offender, a suspended sentence was to be treated as a conviction.
To return to the history of the legislation. As already noted, section 688 of the Penal Code was replaced by section 1941 of the Penal Law in 1909 and it continued to réad substantially as had its forerunner (at least, in the respect we are discussing) until 1936. In that year, the legislature apparently decided to “ tidy up ” the statutory scheme. Section 1941 spoke only of a second offense; section 1942, which had replaced section 688-a, of a fourth offense. To clarify and, indeed, to state the obvious, the legislature amended section 1941 to refer expressly to those “ once or twice convicted ” and to a “ second or third ” offense. The amendment effected no change of substance and the legislature, by adding “ or third,” simply made explicit what before had been implicit. (See People v. Gowasky, supra, 244 N. Y. 451, 457, 462.)
A regard for precision might well have dictated an amendment of section 470-b to have its wording conform to that of *40 section 1941; since the words ‘ ‘ or third ’ ’ were imported into section 1941, it would have been in the interest of clarity had they been inserted in section 470-b. The omission may not, however, be taken as an amendment affecting the meaning, or narrowing the coverage, of section 470-b. As enacted, and as it persisted over the years, that statute complemented and implemented section 1941, relating to those same prior felony offenses •—■ second and third — as did section 1941.
People ex rel. Marcley v. Lawes (254 N. Y. 249), upon which the court relies, does not suggest anything different. That case concerned the treatment and punishment of a fourth offender, dealt with in section 1942, and the court simply decided that the legislature never intended that a suspended sentence was to be considered a conviction ‘ ‘ within the meaning of section 1942 ” (p. 253), so as to visit upon the defendant a term of imprisonment for life. It is clear, moreover, that the court did not hold, or even intimate, that a suspended sentence was not to be considered in imposing the section 1941 punishment upon a 61 third ’ ’ offender. The Marcley decision differentiated between section 1941, the second offender statute, and section 1942, the fourth offender provision, but there was not the slightest indication that a distinction be drawn between a second offense and a third offense, both of which were covered by section 1941. And it is highly significant that never before has any such distinction been drawn or, so far as can be ascertained, even suggested.
As defendant observes, amendments to section 470-b have been attempted over the years, but what defendant apparently fails to realize — though it is quickly revealed by a reading of the reports which accompanied the proposals — is that their purpose was to cover, not the third offender dealt with by section 1941, but the fourth offender treated in section 1942. (See, e.g., N. Y. Legis. Doc., 1929, No. 99, p. 116; N. Y. Legis. Doc., 1931, No. 114, p. 31.) Thus, the Crime Commission, the group which sponsored the bills following our decision in the Marcley case (supra, 254 N. Y. 249), expressly stated that, “ In order to meet ” that holding, the statutory provisions “ should be clarified as to the definition of conviction * * * as a basis for ascertaining ivhen a defendant becomes a fourth offender ”, and the Commission added, “ It was [its] intention * * * to have the terms of the fourth offender act apply to all persons *41 convicted of a felony, even though sentence had been suspended in one or more cases in which an individual might be involved. ’ ’ (N. Y. Legis. Doc., 1931, No. 114, p. 31.) If, therefore, any deduction may be drawn from the fact that the legislature did not pass the proposed amendments, it is this, that it determined that a suspended sentence should not constitute a basis for fourth offender punishment.
However, quite apart from that decisive fact, the law is settled that under the circumstances here present nothing may be educed or inferred from the legislature’s failure to pass the proposed bills. (See Wong Yang Sung v. McGrath, 339 U. S. 33, 47; Order of Conductors v. Swan, 329 U. S. 520, 529.) And this is particularly so of the bills introduced in 1940 and 1942, to which Chief Judge Conway points (opinion, p. 35); each of them (1940 Senate No. 2569, Int. No. 2025, and 1942 Senate No. 392, Int. No. 366) represented an attempt, not simply to amend section 470-b, but rather to effect a general “ Revision of the [entire] Code of Criminal Procedure.” (Pinal Report of Commission on Administration of Justice, Legis. Doc., 1939, No. 76, p. 8 et seq.) Entitled “ To amend the code of criminal procedure, generally ”, the bill consisted of over 230 pages and provided for the repeal of nine titles, 44 consisting of sections one hundred forty-five to five hundred forty-nine, both inclusive ” and their replacement by more than 375 new or modified sections.
I advert, before concluding, to my earlier statement that the present decision is unreal. If, the court is ruling, a defendant is expressly designated a 4 4 third ’ ’ offender, the sentence will be stricken as impermissible and a resentence will be directed. But, the court acknowledges, if a defendant is charged, by the section 1943 information and by the sentencing judge, simply with 44 having been previously convicted of two felonies,” and not expressly labeled a 4 4 third ’ ’ offender, the resulting heavier sentence imposed pursuant to section 1941 will be upheld as proper — although, as is perfectly manifest, the defendant has been just as effectively stamped a 44 third ” offender as if he had been so characterized. Consequently, even with the present holding on the books, defendant Shaw could have been, and on the ordered remission may be, sentenced to the precise same term of imprisonment as imposed in 1949, as long as the label 44 third ” is not employed.
*42 In sum, then, section 470-b permits a suspended sentence to be counted as a conviction in punishing defendant as a “ third ” offender under section 1941 of the Penal Law. But, in any event — and whether I say, as did the Appellate Division, that the question is “ academic at this time ” (285 App. Div. 994; see, also, People v. McCullough, 300 N. Y. 107)—it is highly unlikely that the sentencing judge, fully apprised at the time of sentence that one of defendant’s earlier adjudications had resulted in a suspended sentence, would have imposed a different sentence had he refrained from numbering defendant’s offense or had he chosen to denominate him a “second” or prior offender instead of a “ third ” offender.
The order of the Appellate Division should be affirmed.
Dye and Fboessbl, JJ., concur with Conway, Ch. J.; Van Voobhis, J., concurs for reversal in a separate opinion in which Conway, Ch. J., concurs; Fuld, J., dissents in an opinion in which Desmond and Burke, JJ., concur.
Order of Appellate Division reversed and case remitted to the County Court for resentencing of appellant in accordance with the opinion herein.