Harold B. Spriggs,
Special County Judge. The defendant, David Levinsky, has applied for a writ of error coram nobis, alleging that when he was convicted of the crime of robbery in the first degree he was sentenced as a second offender by reason of having been previously convicted of a felony, within the meaning of section 1941 of the Penal Law.
The defendant alleges that he was not advised, in conformity with the statute, of his rights in pleading to the information charging him with having been previously convicted of a crime.
It appears that the following matters took place before the imposition of the sentence:
“ Mr. Deckelman: I move the sentence of the Court on David Levinsky, convicted of the crime of robbery in the 1st degree and I file herewith an information.
“ The Court: The Clerk, you may read the information.
‘ ‘ The Court: It is the duty of the Court to inform you of the allegations of that information, and of your right to be tried by a jury according to law, as to the truth thereof and to inquire whether or not you are the same person named in that information las having committed that other crime. You may consult with your attorney and say whether or not you are the same person charged in such information or not.
“ David Levinsky: I am.
‘ ‘ The Court: That makes you what is known as a 2nd offender. That makes it so the Court hasn’t any discretion.
“ David Levinsky: That’s right.”
The court thereby sentenced the defendant to incarceration in the Clinton State Prison at Dannemora, New York, at hard labor for a term of 30 years.
*773 Section 1943 of the Penal Law provides that if at any time, either after sentence or conviction, it shall appear that a person convicted of a felony shall have been previously convicted of a crime as set forth in sections 1941 or 1942, it shall be the duty of the District Attorney where such conviction was had to file an information accusing such person of such previous conviction. Whereupon the court shall cause the prisoner to be brought before him and inform him of the allegations contained in such information and of his right to be tried as to the truth thereof and shall require such offender to say whether he is the same person as charged in such information or not. If he denies identity or refuses to answer, such facts shall be noted and a jury shall be empanelled to inquire whether he is the offender mentioned in such previous information. And the section further provides If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court shall sentence him to the punishment prescribed in said sections nineteen hundred forty-one and nineteen hundred forty-two, as the case may be, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated.”
Upon the direction contained in the foregoing described section 1943 of the Penal Law it appears clear that upon the presentation of the information of the prior conviction it was the duty of the court not only to advise the prisoner of the charge, but also to ascertain whether the prisoner was the same person mentioned in the information and that the prisoner must be informed, advised and cautioned as to the effect of his admission or of his right to remain silent or deny his identity.
In the instant case it appears the prisoner was read the information and asked whether he was the same person and was advised of his right to a trial by jury, but he was not further cautioned as to the effect of his answer or of his right to remain silent, but was merely told to consult with his attorney.
In view of the serious consequences flowing from the prisoner’s admission, the statement of the court is not sufficient compliance with the words or meaning of section 1943 of the Penal Law. The prisoner was not advised as to the effect of his admission until after his statement, that he was the person mentioned in the prior information, and it was not until after such admission that the attendant consequences of his admission were explained to him and the information that his sentence would then be of necessity, as a second offender under the statute.
*774 The petition for a writ of error is therefore granted, and the judgment of conviction and sentence set aside, as illegal, contrary to law and in violation of the constitutional rights of the defendant; and the prisoner is directed to be returned to this court for resentencing according to statute, on November 12, 1954 at 11:00 a.m.