Clohessy, J.
This is an application by defendant to vacate and set aside the sentence pronounced by this court on June 5, 1951. He contends that at the time of such resentence he was not asked by the clerk whether he have any legal cause to show why judgment should not be pronounced against him as required by section 480 of the Code of Criminal Procedure.
The People admit that the clerk did not ask the question of defendant at the time of resentence. The records of the clerk show that defendant was asked the question by such officer at the time of the original sentence on July 16, 1928. The present effect, if any, of the latter action invites consideration.
Defendant was convicted of the crimes of robbery in the first degree and assault in the first degree following trial by jury in the County Court of Tioga County. He was sentenced on July 16, 1928, as a first offender, to indeterminate prison terms of fifteen to thirty years on the robbery conviction and five to ten years for assault.
During his confinement at Auburn he secured a writ of habeas corpus in the Supreme Court, Cayuga County, resulting in the dismissal of the assault charge by reason of merger. On December 16, 1935, he was released. While on parole and in 1939 he was convicted of the crime of burglary and thereafter served four years in the Wisconsin State Prison.
On November 28, 1939, he was declared delinquent by New York State authorities. He was returned to Attica Prison on March 14,1944, for violation of parole and to serve the maximum thirty-year sentence of July 16,1928.
*181 Following that date defendant was in court on more than one occasion in connection with his case. At a term of the Supreme Court held in Chemung County on April 28, 1951, an order was made directing the District Attorney of Tioga County to file an information charging defendant with being a second offender as of the time he was sentenced as a first offender on July 16,1928.
The contention was made that defendant under the name of Emil Jonovich had been convicted of the crime of forgery in the State of Minnesota on August 18, 1914, and for which he was confined in the Minnesota State Reformatory at Saint Cloud and released on November 23,1915.
An information was filed by the District Attorney of Tioga County on April 30,1951. Thereupon an order was made directing that defendant be brought before this court on May 21,1951. At that time the information and section 1943 of the Penal Law were read by the court to defendant and he was advised of his rights. Counsel was assigned and at their request the matter was adjourned until May 25,1951, and then to June 5,1951.
In the meantime the attorney for defendant prepared and filed a brief depicting careful and extensive research of the law and facts. On June 5,1951, defendant and his attorney appeared and the former freely admitted and declared in open court that he was the same person as charged in such information.
His statement was corroborated by the report of the Division of Criminal Identification of the Department of Correction of the State of New York to the effect that an examination of the fingerprints of Emil Jonovich taken at the Minnesota Reformatory in 1914 and those of Mike Sevic taken at Attica Prison in 1928 had been found to be identical.
The sentence imposed by this court on July 16, 1928, was vacated, and defendant was resentericed as a second offender to imprisonment in Attica Prison for a definite term of twenty-five years, he being resentenced as of the original date of sentence, July 16,1928.
In summary, defendant was resentenced as a second offender with a definite sentence in place of the original sentence as a first offender with an indefinite sentence. Such definite sentence represented a reduction of five years in the term of the indefinite sentence. Through the present motion defendant seeks to set aside and disregard the right and benefit which he sought and obtained.
Section 480 of the Code of Criminal Procedure provides as follows: ‘ ‘ When the defendant appears for judgment, he must *182 be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him ”.
The purpose of the section and requirement is to give the convicted person the right and opportunity to personally speak for himself after conviction and show cause, if he can, why sentence should not be pronounced against him. (People v. Nesce, 201 N. Y. 111.)
This section may be broken down into three parts as follows : the appearance by the defendant, the question by the clerk and the judgment by the court. Each part is separate and distinct from the other and must take place in the order stated. Likewise each part centers in and requires action by a different person.
The appearance by the defendant within the meaning of the section begins at the moment after conviction he appears before the court for judgment and continues until a legal judgment has been pronounced. The moment the question has been asked in its proper order by the clerk the requirement of the section as to that particular part and officer has been fulfilled.
There remains the requirement and duty of the court to pronounce judgment. This necessarily means a legal judgment. To secure such result may require that the convicted person be brought before the court more than once.
When the defendant appeared for judgment in this court on July 16, 1928, his part under section 480 became fulfilled. He was properly and timely asked the question by the clerk. In reference thereto the records of that officer read as follows: ‘ ‘ The defendant * * * having replied in the negative when asked by the Clerk if he had any legal cause to show why judgment should not be pronounced against him.”
Such unquestionable documentary proof clearly establishes fulfillment by the clerk of that part of section 480 required to be performed by him. The fact that a sentence may have been pronounced in 1928 which did not take into consideration the prior conviction of 1914, apparently then unknown to the court, did not place any further duty on or require further action by the clerk. He had done his part by timely asking the question in 1928.
The remaining part was for this court upon learning of the prior conviction to take steps to pronounce a sentence in keeping with such fact. Accordingly the defendant was brought before the court on June 5, 1951, at which time a sentence was pronounced in compliance with section 2125 of the Penal Law as it *183 read in 1928. By such action the judgment in and the disposal of the case became complete insofar as the provisions of section 480 were involved.
It was not necessary that the clerk again ask the question at the time of re sentence because the sentence pronounced on June 5, 1951, was merely a continuation and completion of the proceedings commenced on July 16, 1928.
For such reason the motion of the defendant should be denied.
Submit order accordingly.