Martin Schenck, J.
This is a petition in the nature of a writ of error coram nobis. The petitioner was convicted of the crime of burglary in the third degree following trial by jury. He was subsequently brought before this court for sentence. On the date of sentencing, the defendant was represented by the same attorney who had appeared for him on trial and who subsequently argued his appeal in the Appellate Division.
At the sentencing proceedings the assistant district attorney read an information alleging that the defendant had been only the year before convicted of a felony in Albany County Court and sentenced to the Elmira Reformatory. This fact was within the personal knowledge of the court as I had passed the previous judgment and sentence upon the defendant. The identity of the defendant, as the person who had previously been convicted and sentenced on his plea of gnilty, was well within the clear recollection of the court and the record thereof was before me. Nevertheless, in accordance with pertinent provisions of law, the court asked the defendant “ for the purpose of the record ” if he was the person who had been so convicted of a prior felony in this court.
The defendant replied, “I stand mute.”
The court thereupon stated as follows: “The proceedings having taken place before this Court, and in the presence of this Court and within the personal knowledge of this Court, I will impose a sentence upon this Defendant as a second offender.”
The court thereupon sentenced the defendant to a term of 5 to 10 years in Clinton Prison. This was the minimum sentence which could be imposed upon the defendant as a second felony offender. It was, however, also a sentence which could legally have been imposed upon him as a first offender. The court, having personal knowledge of the defendant’s prior record, certainly took that record into consideration in imposing sentence and it, therefore, would seem immaterial whether the sentence was imposed on the defendant as a first or second offender. In fact, were the defendant to be brought before this court on technical grounds for resentencing, the same sentence would again be imposed.
Regardless of that fact, however, if the defendant was denied any legal right he should prevail in this proceeding. I can find no violation of any such right. It is true that when he “ stood mute ” the court did not empanel a jury to determine the question of his identity as the person previously convicted in that same court before that same Judge. Such a proceeding would *756 have been utterly meaningless because the court personally knew that the defendant was the person so previously convicted. Any determination to the contrary by a jury would obviously thwart justice. The court, therefore, is of the opinion that the defendant was then and there properly sentenced as a second offender.
Even if it should be determined that the defendant had a right to a trial upon the issue of his identity in connection with his prior felony, that right certainly could be waived and, in this case, certainly was waived by necessary inference. The Court of Appeals has held that such waiver may properly take place. (See People v. Gowasky, 244 N. Y. 451, 463.) Neither the defendant nor his counsel made any move to challenge the statement of the court to the effect that he personally knew that the defendant had previously been convicted of a felony. An appeal was subsequently taken and the conviction of the defendant was affirmed by the Appellate Division. In the course of the appeal, argued by the same attorney who stood beside the defendant when he was sentenced, the question of the defendant ‘ ‘ standing mute ’ ’ was not raised in any particular.
The conclusion is necessarily reached, therefore, that the defendant was properly sentenced and that he was not deprived of any legal right. He was asked if he was the person who had been previously convicted. Neither he nor his attorney made any issue of the allegation because they realized that the court knew perfectly well of the defendant’s prior conviction. I have already indicated that a trial of the issue would have been utterly meaningless and could have produced only one result unless there was a miscarriage of justice. The People could readily have established the prior conviction by records of this very court and by testimony of court personnel who were then present as they had been at the time the defendant was sentenced in the prior case. It is impossible for me to conceive how the presentation of the court’s own records and such testimony to a jury would be of greater value in establishing that the defendant was a second offender than the personal knowledge of the court whose duty it was to pass sentence.
For all of the foregoing reasons, therefore, the petition herein is in all respects denied.