Johh F. Scileppi, J.
The defendant was convicted in this court on October 23, 1946, by a jury, of the crime of grand larceny in the second degree, and was sentenced thereon as a third felony offender, to a term of not less than 5 nor more than 10 years.
Although on this application, defendant asks the court for the invalidation of a judgment of conviction, in fact, the defendant’s motion is for a resentence, and it will be treated as such.. *487 The defendant seeks this relief on the ground that when he was arraigned before the court on the prior felony offense information, prior to his sentence here, the statutory warning required by section 1943 of the Penal Law, was not given.
He also asserts other grounds which have been previously passed on by this court, and which were unfounded, and resulted in a denial of defendant’s motions in each previous instance. The defendant’s repetition of these grounds do not give them any greater weight now than when they were considered by the particular Judge who decided defendant’s previous motions. No new or different facts and circumstances have been presented on this application.
Therefore, except for the defendant’s contention that section 1943 of the Penal Law was not complied with when he was arraigned on the prior felony offense information, the court finds no reason to again consider the other grounds specified in the moving papers.
Defendant claims that section 1943 of the Penal Law was violated because he was not given the warning prescribed therein at the time of his arraignment on the prior offense information in question.
At the time of defendant’s arraignment on the prior offense information on December 11, 1946, he was represented by able and experienced counsel. He was so arraigned immediately prior to the time he was sentenced herein. The transcript of the record indicates that the information was read by the Assistant District Attorney then in charge of the matter. After that, he asked the defendant if he was the same person mentioned in the information and the defendant replied “Yes Sir ”. The Assistant District Attorney then asked if the defendant waived the 48 hours notice of sentence, and defendant’s attorney answered “Yes”. Then the defendant was asked if he had anything to say why the judgment of the court should not be pronounced against him. The defendant made a long statement of complaints and considerable colloquy took place between the defendant, the court and defendant’s counsel. At the conclusion of this episode the defendant was sentenced. At no time did defendant raise any valid question that has any bearing on the nature and grounds of his complaint. The record indicated that at the time of his arraignment, the court did not specifically warn the defendant of his rights under section 1943 of the Penal Law.
While the provision contained in said section, that the court shall inform the defendant of his right to be tried by a jury as to- the truth of the. charge, is not a formality which is to be. *488 brushed aside as unnecessary; it is a requirement however, which may be waived either expressly or by implication. (People v. Gowasky, 244 N. Y. 451, 463.)
Whether there is a waiver depends on the facts of each particular ease. Here the defendant, when arraigned, was represented by able and experienced counsel, and one of our leading lawyers who frequently tried important cases in our court. Defendant heard the contents of the information read to him, and in the presence of his attorney he said he was the same person referred to therein.
Moreover, the defendant was previously arraigned on a prior felony information in the Bronx County Court.
Under all the circumstances herein, he knew, therefore, when he was arraigned in this court, what was involved, when he admitted he was the same person as the one referred to in the information. The only question on such arraignment which could be tried before a jury, was the identity of the prisoner, which he admitted. (People v. Gowasky, supra.) Defendant’s attorney well knew what was entailed in the defendant so admitting his identity, by reason of his experience and ability. Thus there was a waiver of the defendant’s rights under the provisions of section 1943 of the Penal Law. The defendant’s motion for resentencing is therefore denied.
Order entered accordingly. The District Attorney is directed to serve a copy of this order upon the defendant.