■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE SIDNEY WATERMAN, Appellant.— Appeal by defendant from an order of the County Court of Warren County entered February 15, 1957, denying his application for a writ of error *coram nobis* to set aside a judgment of conviction. On October 21, 1946 defendant was arraigned in Supreme Court, Warren County, on an indictment for grand larceny, first degree. He was represented by counsel and entered a plea of not guilty. The clerk's minutes, duly certified, contain an entry: " Case sent to County Court ". On November 26, 1946, defendant appeared in County Court with counsel and entered a plea of guilty to a reduced charge of grand larceny, second degree as a second offender and was sentenced to Elmira Reception Center. On December 17, 1946, defendant was returned to County Court for resentencing and was sentenced to Elmira Reception Center for not less than 2½ or more than 10 years. Defendant raises three questions on this appeal: (1) That no formal or proper order was entered transferring the indictment from Supreme Court to County Court, in accordance with subdivision 6 of section 22 of the Code of Criminal Procedure; (2) that he was not asked on December 17, 1946, if he had any cause to show why judgment should not be pronounced against him, as required by section 480 of the Code of Criminal Procedure; and, (3) that there was a failure to comply with section 472 of the Code of Criminal Procedure by not waiting two days before imposing sentence. The clerk's minutes quoted above clearly show that there was a compliance with subdivision 6 of section 22, by an order " entered in the minutes of the court." The minutes also show that upon his plea of guilty on November 25, 1946, defendant was asked the question required by section 480 and answered in the negative, and that both defendant and his counsel expressly waived the two-day waiting period under section 472. Thus the official record unquestionably shows that " when the defendant appeared for judgment " the requirements of sections 480 and 472 were fulfilled. It was unnecessary to repeat the process when defendant was returned to court for the correction of an incorrect sentence. (*People* v. *Sevic*, 1 Misc 2d 180.) Moreover, if we were to assume that there was an error, *coram nobis* is not the proper remedy. The alleged errors appear on the record, presenting only a question of law, for which another remedy is available. (*People* v. *La Mere*, 4 A D 2d 840; *People* v. *Sullivan*, 3 N Y 2d 196.) Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.