Lawrence H. Cooke, J.
Defendant, having been convicted of robbery in the first degree, moves “ for an order in the nature of a coram nobis, a writ of error to set aside the judgment of conviction and the sentence ”, the defendant claiming that he was not warned at the time of his sentence that a prior felony conviction would serve to increase the punishment for a subsequent felony and that he had the right to remain silent. *959 Defendant was permitted, on consent of the District Attorney, to amend his petition so as to include as additional grounds for the application that the information filed by the District Attorney relative to a prior felony conviction was not verified and that section 480 of the Code of Criminal Procedure was not complied with. At one hearing, defendant’s counsel requested resentencing.
At the outset, it should be stated that this application is actually a motion for resentence rather than an application for a writ of error coram nobis. There is a fundamental difference between them and the court should look to the substance of the application rather than to its label (People v. Sidoti, 1 A D 2d 232).
The application for resentence only affects the sentence. It does not go to the question of the conviction of the defendant; in fact, it assumes it as a basis for resentence. Coram nobis has been discussed as a vehicle to bring certain matters to the attention of the court which, if known at the trial, would have prevented the rendition of a verdict. The relief offered by coram nobis is available only to correct an error of fact but is not available to the convicted defendant to correct errors of law. (See Frank, Coram Nobis, p. 77 and 1957 Supp. p. 31; People v. Sidoti, supra, People v. Kerschman, 283 App. Div. 811; People v. Berry, 3 Misc 2d 984; People v. Savarese, 1 Misc 2d 305.) The distinction is important and not meaningless. For example, the statute provides that a coram nobis determination may be reviewed on appeal (Code Crim. Pro., §§ 517-519); but an order denying an application for a resentence is not appeal-able (People v. Sidoti, supra; People v. Sheehan, 4 A D 2d 143; People v. Rockwell, 1 A D 2d 933; cf. People v. Sullivan, 3 N Y 2d 196).
The testimony of William Deckelman, now a Justice of the Supreme Court but at the time of the sentencing in question the District Attorney of Sullivan County, was received as to his recollection of the proceedings and as to practice. The stenographer who took these minutes passed to his eternal reward several years ago. It is contended on behalf of defendant that said testimony should not have been received because stenographic minutes were received in evidence. It is obvious that said minutes are not complete. For example, they do not include the questions asked by the clerk and the answers given by defendant. They do not contain the question as to whether defendant had anything to say why sentence of the court should not lie pronounced upon him, yet there is in evidence the con *960 viction and sentence form certified by the clerk which indicates that said question was asked. The appearances are not set forth for the day of sentence yet those present can be gleaned from statements set forth. The minutes of the stenographer are entitled to great weight but they are not conclusive (People v. Sheehan, 4 Misc 2d 1049, 1054, appeal dismissed 4 A D 2d 143; People v. Buccufurri, 154 App. Div. 827, 828). The testimony of the former District Attorney as to what took place at the time of sentencing and as to practice or custom was admissible (People v. Yancovich, 283 App. Div. 842; People v. Pilliington, 2 A D 2d 731; Frank, Coram Nobis, § 4.02 and 1957 Supp. thereto). Judge Deckelman testified that section 1941 of the Penal Law was read by the Trial Judge at the time of sentencing.
In regard to defendant’s contention that he was not warned as to the effect of a prior felony conviction, it is significant to note that upon this application there is no claim in defendant’s papers or in his proof that he was not a prior felony offender.
I
Defendant contends that at the time of sentence he was entitled to warnings: (a) that a prior felony conviction would serve to increase the punishment for a subsequent felony, and (b) that the defendant had a right to remain silent. The proof submitted on behalf of the defendant upon this application shows that at the time of sentence he was represented by Ellsworth Baker. Mr. Baker at the time of said representation was a ' lawyer of great experience and skill. In the presence of defendant and in the presence of his said attorney, the information of the District Attorney was read by the clerk. The court then said: “It is the duty of the Court to inform the defendant of the allegations of the information, which has just been read to him, and inform him of his right to be tried as to the truth thereof by a jury and to require him to say whether or not he is the same person referred to in the information or not”. Defendant then said he was the same person referred to in the information.
Inasmuch as defendant was represented at the time of the reading of the prior offense information and at the time of sentencing by able and competent counsel who well knew what was entailed in the defendant so admitting his identity, and under the competent facts and circumstances proved here, defendant’s rights to be further informed under section 1943 of the Penal Law were waived (People v. Cossentino, 14 Misc 2d *961 486; People v. Lombardo, 7 Misc 2d 95; People v. Pigeon, 4 Misc 2d 754; People v. Gowasky, 244 N. Y. 451, 463). No claim was made at any time that defendant was not the proper individual and rightly charged. Defendant did not choose to remain silent but, in the presence of his attorney who well knew the consequences of his admission, spoke out. Section 1941 of the Penal Law was read at the time of sentence according to the testimony of the former District Attorney — whose testimony was not disputed by defendant or anyone else. By the reading of said section defendant was warned that a prior felony conviction would serve to increase the punishment for a subsequent felony.
In People v. Cossentino (supra), defendant was not even informed of his right to be tried as to the truth of the information by a jury, but the court held (p. 488): ‘1 Under all the circumstances herein, he knew, therefore, when he was arraigned in this court, what was involved, when he admitted he was the same person as the one referred to in the information. The only question on such arraignment which could be tried before a jury, was the identity of the prisoner, which he admitted. (People v. Gowasky, supra). Defendant’s attorney well knew what was entailed in the defendant so admitting his identity, by reason of his experience and ability. Thus there was a waiver of the defendant’s rights under the provisions of section 1943 of the Penal Law. The defendant’s motion for resentencing is therefore denied.”
In People v. Lombardo (supra, p. 96) the court said: “ The question that the court is here confronted with is whether the warning referred to in the Garollo v. Brophy case (supra) is the same as the rights referred to in section 1943, or must the court, in addition, explain to a defendant that sections 1941 and 1942 of the Penal Law call for longer sentences if he admits that he is the same person, or is so found by a jury after trial?
‘ ‘ Inasmuch as this defendant was represented at the reading of the prior offense information and at the time of sentencing, such additional warning, if required, was waived by the presence of counsel. ('See People v. Gowasky, 244 N. Y. 451.) Defendant’s motion is denied.”
In People v. Gowasky (supra) the record failed to state whether the sentencing Judge informed defendants of their right to be tried by a jury as to the truth of the charge set forth in the information. The Court of Appeals stated (p. 463): “ It is a requirement, however, which may be waived either expressly or by implication.” At no place in said opinion did said court *962 indicate that the warning must be given that the defendant has a right to remain silent or that a prior felony conviction will serve to increase the punishment for a subsequent felony. If there was a waiver in the Gowashy case, there is even more reason to find a waiver here.
II
We move to the next contention of defendant. Section 480 of the Code of Criminal Procedure provides: “When the defendant appears for judgment, he must be asked by the clerk whether he have any legal cause to show, why judgment should not be pronounced against him.” Defendant contends that compliance with this section was not had. The record shows the contrary. The “ Conviction and Sentence ” form indicates that, before sentence, the clerk asked defendant “ if he had anything* to say why sentence of the Court should not be pronounced upon him.” This follows the language of the section except that the word “sentence” is used for “judgment”. “The sentence is the judgment in a criminal action ” (People v. Cioffi, 1 N Y 2d 70, 72). The words “ judgment ” and “ judgment of conviction” have been held to mean sentence or sentence of the court entered in the minutes (People v. Canepi, 181 N. Y. 398, 402; Matter of Cedar, 240 App. Div. 182, 186; People v. La Sasso, 182 Misc. 538, 541). Furthermore, the purpose of the section in question is to give to the convicted person the right and opportunity to personally speak for himself after conviction and show cause, if he can, “ why sentence should not be pronounced against him ” (italics supplied) (People v. Nesce, 201 N. Y. 111, 113; People v. Sevic, 1 Misc 2d 180, 182). Certainly, the purpose of the section was fulfilled here and, certainly, defendant was not misled nor was he deprived of any rights in this regard. As stated in People v. Sheehan (4 Mise 2d 1049, 1056): “ To hold otherwise, and decree that any deviation, whatsoever, from the procedural formula prescribed in section 480, vitiates a judgment of conviction for all time, would be to exalt form over substance ”. To repeat, the “ sentence is the judgment in a criminal action ”.'
In this regard it is interesting to note the decision in People v. Sullivan (3 N Y 2d 196, 198) involving a coram nobis application with an alleged failure of compliance with said section 480, wherein the Court of Appeals held: “ Where the alleged basic legal error is evident and does not affect' the validity of the judgment of conviction, but only the validity of the sentence, the defendant is limited to the post-conviction remedies of appeal, motion in arrest of judgment, motion to withdraw plea *963 or habeas corpus, according to the specific error raised (see People v. Taras, 269 App. Div. 694, affd. 296 N. Y. 983).”
Ill
An issue is also raised concerning the information filed and read at the time of sentence. It was not necessary that the said information of the District Attorney be verified under oath. The statute requires no verification nor has any decision been found indicating such a requirement. The purpose of the information referred to in section 1943 of the Penal Law is as an aid to the court to determine what sentence to impose upon the defendant and the allegation of a previous conviction is not a distinct charge of crime but is necessary to bring the case within the statute and goes to the punishment only (People v. Dacey, 166 Misc. 827, 829). The information referred to in section 1943 of the Penal Law should not be confused with an information made to any magistrate as referred to in section 145 of the Code of Criminal Procedure. In the latter case, the information is used as a basis for a warrant of arrest (Code Grim. Pro., § 150) and some of the reasons why such an information has been required to be made upon oath are so that an unfounded accusation cannot be set on foot and an investigation instituted upon an unsupported assertion without any proof whatever and so that a person cannot subject another to arrest wrongfully without the penalty of perjury if willfully false (People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391). It is noted in the Clevenger-Gilbert edition of Criminal Code and Penal Law, 1957, that form No. 536, for an information under section 1943 of the Penal Law, contains no jurat while form No. 19, for an information under section 145 of the Code of Criminal Procedure, does. The District Attorney occupies a position of great trust and responsibility but anyone can file an information as defined in section 145 of the code. Neither is an indictment required to be verified by a District Attorney.
Defendant cites the decision of the Special County Judge in the case of People v. Levinsky (14 Misc 2d 771). S'aid decision is noit considered by this court as authoritative. Different fundamental errors aire alleged to have been made therein and an appeal has been taken from same. Previous to said decision a County Judge in 1953 had denied the application of said defendant Levinsky but an order Was not entered on the memorandum prior to the expiration of the term of office of said official.
Application denied. Submit order.