Benjamin Gassman, J.
On January 30, 1958 the defendant was convicted, after trial, on two counts charging him with feloniously selling narcotic drugs. On April 17, 1958 he was sentenced to State prison to a term of not less than 7% years nor more than 15 years on each count, the sentences to run concurrently.
On January 11,1961, by writ of error coram nobis, the defendant moved to set aside the judgment of conviction on the ground that two of the detectives who testified against him were, subsequent to his trial, convicted of crimes unrelated to the one on which the defendant was tried. By order dated January 24, 1961, I denied that motion. (See People v. Bell, N. Y. L. J., Jan. 24, 1961, p. 13, col. 6.)
He now again moves to set aside the judgment of conviction on the same grounds urged on his prior motion and on the further ground that the trial court committed error in his charge to the jury.
Coram nobis may not be invoked to test the issue of credibility of witnesses. Nor is that remedy available as an alternative to an appeal. (People v. Sullivan, 3 N Y 2d 196, 199.) Such *815 credibility was passed on by the jury and may not again be tested on coram nobis. (People v. McElroy, 11 A D 2d 556.)
Nor may coram nobis be availed of to test the correctness of rulings made in the course of a trial. (People v. Buck, 6 A D 2d 528). “ Moreover, if we were to assume that there was an error, coram nobis is not the proper remedy. The alleged errors appear on the record, presenting only a question of law, for which another remedy is available.” (People v. Waterman, 5 AD 2d 717. See, also, People v. La Mere, 4 A D 2d 840; People v. Parker, 8 A D 2d 863.)
It is true that the Court of Appeals in People v. Silverman (3 N Y 2d 200, 202) held that in certain exceptional cases coram nobis will lie “though the error appears on the face of the record ”. However the court there stated that “ each exception to the rule must be justified by special evidence of a denial of due process requiring corrective judicial process ”. This is not one of those cases. “ The writ of error coram nobis may not be used as a vehicle for an additional appeal or a belated motion for a new trial which, although available to the defendant after verdict (Code Crim. Pro., § 465), was not made.” (People v. Shapiro, 3 N Y 2d 203, 206.)
Accordingly, the motion is in all respects denied. The District Attorney is directed to serve a copy of this decision and the order to be entered hereon, on the defendant at his place of incarceration.