OPINION OF THE COURT
Edward M. Horey, J.
The motion before the court is brought by the defendant. It seeks the dismissal of a forfeiture action brought under CPLR article 13-A by Larry M. Himelein as District Attorney of Cattaraugus County, New York.
Because of the possible involvement of constitutional issues the court ordered notice to be given to the Attorney-General, who appeared in the action in support of the District Attorney, plaintiff.
The facts which give rise to the motion and which appear in the papers filed with the court are these:
The defendant was arrested on January 10, 1985 and charged with the following crimes and violations, to wit: (1) criminal possession of a controlled substance in violation of Penal Law § 220.09, a class C felony; (2) criminal use of drug paraphernalia, second degree, in violation of Penal Law § 220.50, a class A misdemeanor; (3) unlawful possession of marihuana in violation of Penal Law § 221.05, a violation; (4) unlawful possession of fireworks in violation of Penal Law § 270.00, a violation.
On January 19, 1985, the defendant appeared before the Honorable John Rogan, a Justice of the Peace in the Justice Court of the Town of Ellicottville, New York, without counsel. The District Attorney of Cattaraugus County, Larry Himelein, was not present. Neither was any Assistant District Attorney of Cattaraugus County present. Other than the defendant, the only other persons present were the presiding Justice of the Peace, the Honorable John Rogan, and David O’Brien, the arresting officer who was a sergeant investigator of the New York State Police.
The defendant was permitted to enter a plea to the crime of criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03, a class A misdemeanor.
Upon this plea, the defendant was fined $100 and assessed a $40 surcharge.
It is of particular significance to this court that the defendant’s plea was to a misdemeanor. It is also significant that *418 such plea was accepted in satisfaction of the other charges against the defendant, particularly including the felony count of criminal possession of a controlled substance, an alleged violation of section 220.09 of the Penal Law. There is no evidence and in fact no allegation that any other criminal charges have been brought or are contemplated to be brought against the defendant or any other party.
It is the position of the defendant that the acceptance of the plea of guilty to a misdemeanor in satisfaction of the felony charge terminates the right of the District Attorney to proceed for a forfeiture under CPLR article 13-A.
To the contrary the District Attorney posits that his statutory right to proceed for forfeiture is preserved and is authorized under CPLR article 13-A. In support of this position the District Attorney urges that since an article 13-A forfeiture proceeding can be brought against a person not even charged or convicted of any crime, that thus a forfeiture proceeding against one convicted of a misdemeanor crime is appropriate.
The court examines the argument of the District Attorney. A review of article 13-A discloses that a forfeiture proceeding may be brought for a "pre-conviction forfeiture crime” (CPLR 1311 [1] [b]). A "pre-conviction forfeiture crime” being defined to mean any "felony defined in article two hundred twenty or section 221.30 or 221.55 of the penal law” (CPLR 1310 [6]). Article 220 of the Penal Law relates to controlled substances offenses. It contains statutory provisions which constitute crimes some of which are felonies and some misdemeanors. Section 221.30 relates to the crime of criminal possession of marihuana in the first degree. It is a class C felony. Section 221.55 of the Penal Law deals with the criminal sale of marihuana in the first degree, a class C felony.
From the definitions set forth the court deduces that the only crimes for which a forfeiture may be sought and ordered in advance of a conviction are the felonies set forth in article 220 of the Penal Law and the two specified felonies which are contained in article 221 of the Penal Law, to wit: the felony of criminal possession of marihuana in the first degree in violation of section 221.30 and the crime of criminal sale of marihuana in the first degree in violation of section 221.55 of the Penal Law.
While subdivision (1) (a) of CPLR 1311 authorizes the commencement of a forfeiture action before conviction for what are clumsily called "post-conviction” forfeiture crimes, which *419 are crimes other than the denominated drug-related charges called "pre-conviction forfeiture crimes”, the statute nonetheless expressly provides that a "court may not grant forfeiture until such conviction has occurred.” (CPLR 1311 [1] [a].) It is only in the instances of the specified drug-related felonies that a forfeiture in advance of a conviction may be commenced and concluded.
CPLR article 13-A does not authorize even the commencement much less the conclusion of a forfeiture proceeding in advance of a conviction for a misdemeanor, not even a drug-related misdemeanor specified in article 220 of the Penal Law. The court concludes that the District Attorney could not have proceeded against , the defendant by way of any type of proceeding under article 13-A for the misdemeanor crime to which the defendant pleaded guilty, viz., criminal possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03.
An examination of CPLR article 13-A is in order.
As Attorney Judd Burstein points out in his excellent analysis of article 13-A in Zett (vol 6, NY Crim Prac, ch 48a [Forfeiture of the Proceeds of a Crime]), traditionally, forfeiture actions were in rem proceedings, taken against "guilty” property as opposed to the owner of the property. Such in rem proceedings were viewed as civil in nature although they did have punitive characteristics. In contrast, the punitive sanctions of an in personam forfeiture which were directed against the offender were viewed as criminal in nature and the forfeiture a criminal penalty.
In enacting CPLR article 13-A, our Legislature created a hybrid forfeiture procedure, by merging forfeiture proceedings against the individual with forfeiture proceedings against the property of the individual. As Attorney Burstein has cogently noted: "Although CPLR 1311 (1) states unequivocally that the action for which it provides 'shall be civil, remedial * * * and shall not be deemed to be a penalty or criminal forfeiture for any purpose,’ there is a real question as to whether this statute is a wolf in sheep’s clothing; a criminal penalty masquerading as a civil remedy. If this is the case, if the remedy provided for by Article 13A is in fact a criminal penalty, two serious constitutional questions arise. First, where there has been a conviction for a crime subsequent attempts to seek forfeiture based upon that crime may be barred by the double jeopardy clause of the United States *420 Constitution. Second, as to that part of the statute which permits forfeiture actions based upon drug offenses, the Due Process Clause may be violated because forfeiture can be based upon only a showing of clear and convincing evidence, as opposed to proof beyond a reasonable doubt, that the drug related crime in question was committed.” (6 Zett, NY Crim Prac, at 48a-10.)
This court shares the concerns of Attorney Burstein on the constitutionality of CPLR article 13-A.
The key issue for resolution in construing any forfeiture statute as it relates to the double jeopardy provision of the Fifth Amendment is whether the forfeiture authorized by the statute is punishment or a remedial device. If the penalty imposed is criminal in nature then all constitutional safeguards relative to criminal proceedings apply. It is contrary-wise if the penalty is determined to be a civil one. The test for whether a forfeiture penalty statute is civil or criminal was determined in Kennedy v Mendoza-Martinez (372 US 144 [1963]) and developed and repeated by the Supreme Court of the United States in United States v Ward (448 US 242 [1980]). The test there posited was twofold.
First, did the Legislature which enacted the statute indicate directly or impliedly whether the penalties were deemed civil or criminal. Secondly, if the Legislature indicated that the penalties were civil and remedial in nature, are the penalties "so punitive either in purpose or effect as to negate that intention?” (448 US 242, 249, supra.)
CPLR article 13-A easily passes the first test because it is provided that forfeiture under the statute "shall be civil, remedial, and in personam in nature and shall not be deemed to be a penalty or criminal forfeiture for any purpose.” (See, CPLR 1311 [1].)
There remains the second consideration, viz., the quantum and nature of the penalty. The decision of Kennedy v Mendoza-Martinez (372 US 144, supra) sets forth a seven-prong test for determining whether in fact the penalty provision of a forfeiture statute is penal in nature and thus unconstitutional or regulatory and thus constitutional. The tests stated are as follows:
(1) whether the sanction involves an affirmative disability or restraint;
(2) whether the forfeiture has historically been regarded as a punishment;
*421 (3) whether forfeiture is permitted only upon a finding of scienter;
(4) whether the operation of the statute promotes the traditional aims of punishment-retribution and deterrence;
(5) whether the behavior upon which the sanction is founded is already a crime;
(6) whether there is a purpose other than retribution assignable to the sanction and
(7) whether the sanction appears excessive when considered in relation to the alternative purpose assigned to the statute.
In analyzing the seven tests in Mendoza-Martinez (supra) as they relate to CPLR article 13-A, Mr. Burstein in his article Forfeiture of the Proceeds of a Crime (6 Zett, NY Crim Prac, ch 48a, at 48a-16) states unequivocally that the first five considerations "unequivocally point toward a conclusion that Article 13A forfeiture is a criminal penalty.” In support of that conclusion he notes: "Five of the Mendoza-Martinez factors unequivocally point toward a conclusion that Article 13A forfeiture is a criminal penalty. First, in that the forfeiture deprives an individual of his property, it involves an affirmative disability or restraint. Second, in personam forfeitures have traditionally been deemed criminal penalties. Article 13A is the first statute to make in personam forfeiture a civil remedy. Third, since (1) all felonies in New York State have some sort of scienter requirement, and (2) a prerequisite to Article 13A forfeiture is proof that a felony has been committed, a finding of scienter is necessary in order to prevail on a forfeiture action. Fourth, forfeiture under Article 13A certainly promotes the traditional aims of punishment — retribution and deterrence. Fifth, since no forfeiture is permitted unless there is proof that a felony has been committed, the behavior to which it applies is already a crime.” (Ibid; italics added in part.)
This court concurs in the analysis and conclusion just stated.
Mr. Burstein goes on to state that "the last two Mendoza-Martinez factors would support the claim that the statute is remedial in nature. First, although Article 13A forfeiture does serve the purpose of retribution and deterrence, it has a remedial purpose. To the extent that forfeiture strips the criminal of the capital with which he can finance his operations, Article 13A can be seen as directed toward reducing the crime rate. Further, since CPLR 1349 provides for, in some *422 circumstances, the payment of forfeited monies as reimbursement to the claiming authority for the costs of its investigative and prosecutorial activity * * * it may be seen as remedial in nature. Second, as a matter of common sense, stripping a criminal of the benefits of his criminal activity — benefits to which he is not lawfully entitled — is clearly not 'excessive in relation’ to this remedial purpose.” (Id., at 48a-16 — 48a-17.)
The briefs of both the plaintiff District Attorney and that of the Attorney-General in support of the District Attorney urge the decision of United States v One Assortment of 89 Firearms (465 US 354) and rely heavily upon it as supportive of the action brought and supportive of the proposition that a CPLR article 13-A forfeiture proceeding is civil in nature.
In the opinion of this court reliance upon One Assortment of 89 Firearms (supra) is misplaced. First it is clear that the forfeiture proceeding there was an in rem action brought under a statute which specifically provided that the forfeiture action was "in the nature of a proceeding in rem,” in contrast to the in personam action at bar. The court has previously noted that in rem forfeiture proceedings are traditionally held to be regarded as civil in nature. The most important feature of the decision, however, lies in the reason stated by the court which permitted the forfeiture. That reason was stated as follows: "Because the sanction embodied in § 924 (d) is not limited to criminal misconduct, the forfeiture remedy cannot be said to be coextensive with the criminal penalty.” (465 US 354, 366, supra.)
Under article 13-A the forfeiture proceedings which are permitted whether they be actions relating to postconviction forfeiture crimes under subdivision (1) (a) of CPLR 1311 or actions relating to preconviction forfeiture crimes under subdivision (1) (b) and here involved are both limited to criminal misconduct. In every instance of forfeiture permitted under CPLR article 13-A it is incumbent upon the plaintiff to prove the commission of a crime. In the instance that the forfeiture action is brought for "post-conviction forfeiture crimes” under subdivision (1) (a) of CPLR 1311 there must have already been a criminal conviction upon proof beyond a reasonable doubt. In the instance that the forfeiture action is brought for "preconviction forfeiture crimes” under subdivision (1) (b) of CPLR 1311, "it shall be necessary * * * for the claiming authority to prove the commission of a pre-conviction forfeiture crime by clear and convincing evidence.” Only the quantum of proof is changed, not the necessity of the proof of a crime.
*423 In sum since the Supreme Court only permitted the forfeiture in an in rem forfeiture action upon the basis that the sanction was not limited to criminal misconduct, the decision in One Assortment of 89 Firearms (supra) not only does not support the plaintiff’s action, it is clearly to the contrary as applied to the in personam action at bar brought under CPLR article 13-A.
Neither is the decision of United States v Ward (448 US 242, supra) authority for the proposition that the forfeiture proceedings authorized by CPLR article 13-A are civil in nature and thus devoid of constitutional protections. While the court held an action providing for forfeiture for an oil spill to be civil and remedial, the court speaking through Justice Rehnquist applied the tests of Mendoza-Martinez (supra). His conclusion is noteworthy, viz., "Without setting forth here our assessment of each of the seven Mendoza-Martinez factors, we think only one, the fifth, aids respondent. That is a consideration of whether 'the behavior to which [the penalty] applies is already a crime.’ ” (448 US 242, 249-250, supra; italics added.)
It is to be noted that the seven tests set forth in Kennedy v Mendoza-Martinez (372 US 144, supra) have not been weighted by appellate determinations. Whether the remedial purpose of stripping a criminal of the fruits of his criminal activity provided in the last two tests will be considered to outweigh the preceding five tests is undecided. Also undecided is whether decision is to be predicated on a successful passing of a majority of the tests.
This court strongly supports the ends which CPLR article 13-A seeks to accomplish. However, it does not support it with such zeal that time-proven constitutional safeguards can be abrogated. Because there exists other constitutional deficiencies to CPLR article 13-A, this court will leave for appellate determinations the issue of whether the provisions of the article fail to pass muster under the Mendoza-Martinez tests and thus must be considered criminal in nature to such extent that they deny the protection of the Fifth Amendment against double jeopardy.
The court turns at this time to what it regards as the real flaw in the action at bar. That flaw relates to the defendant’s privilege against self-incrimination provided for by the Fifth Amendment of the US Constitution and of the New York State Constitution.
When the defendant here entered his plea of guilty to an *424 uncharged misdemeanor he waived his constitutional privilege against self-incrimination as to that misdemeanor. Now, however, he is faced with a purported in personam forfeiture proceeding under CPLR article 13-A on allegations which if proven would constitute a drug-related felony.
The position of the District Attorney is that the defendant must now by appropriate answer admit or deny facts alleged in the complaint which if proven would constitute such felony.
While the criminal proceeding against the defendant was pending, his right to remain silent was constitutionally guaranteed. The guarantee applied to all charges particularly including the drug-related felony charge. Such silence would not in any way be used against him. (Baxter v Palmigiano, 425 US 308, 317 [1976], and authorities there cited.) However, the rule as to silence is different in civil action. There absent some special rule or restriction, the silence of a defendant permits the trier of the facts to draw an adverse inference from the invocation of the privilege. As was noted by Justice Brandéis in Bilokumsky v Tod (263 US 149, 153-154): "Silence is often evidence of the most persuasive character.”
The dilemma of the defendant is obvious. If he fails to answer the complaint of the District Attorney, a judgment by default in the forfeiture action may be taken against him.
If the defendant admits the allegations in the complaint which charge the commission of the drug-related felony, a motion for summary judgment in the plaintiff’s favor would be required.
If the defendant denies the allegations in the complaint, the District Attorney may properly offer in evidence proof of the conviction to the uncharged drug-related misdemeanor to which the defendant pleaded guilty. Under the doctrine of issue preclusion the guilty plea precludes relitigation in the forfeiture action of all issues determined by the conviction. (Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495, 504 [2d Dept 1984], and a host of authorities there cited.) The crime to which the defendant pleaded guilty was the crime of criminal possession of a controlled substance in the seventh degree in violation of section 220.03 of the Penal Law. The guilty plea would be proof of the possession by the defendant of a controlled substance in an undenominated amount. This is the sine qua non of the defendant’s conviction. (See, People v Goodman, 69 NY2d 32, 39 [1986].)
It is equivocal whether the felony alleged in the complaint *425 in the forfeiture action at bar is criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09) of which the defendant was initially charged or sale of a controlled substance in violation of some undenominated section of article 220 of the Penal Law or both such crimes. In either instance, all that would be additionally required to prove the plaintiff’s action would be either evidence of possession of the controlled substance in sufficient amount to meet the specifications in section 220.09 of the Penal Law or the sale of the controlled substance in violation of one of the felony prohibitions against sale of a controlled substance in article 220 of the Penal Law.
The only avenue of escape procedurally for the defendant lies in his ability to invoke his protection against self-incrimination guaranteed by the Fifth Amendment. Does he have such a right?
In Boyd v United States (116 US 616, 634) decided as long ago as 1886 it was held that "proceedings instituted for the purpose of declaring the forfeiture of a man’s property by reason of offences committed by him, though they may be civil in form, are in their nature criminal. ” (Italics added.)
On the basis of this rule the court held that a forfeiture of the defendant’s personal papers could not be ordered on the defendant’s refusal to deliver them. The privilege against self-incrimination as provided by the Fifth Amendment was the basis of the decision. More relevant to the case at bar is the decision of the Supreme Court in United States v United States Coin & Currency (401 US 715 [1971]) where the court applied the Fifth Amendment privilege against self-incrimination in a proceeding brought by the United States to secure a forfeiture of $8,674 found in the possession of a gambler at the time of his arrest.
Since the rule announced in Boyd v United States (supra) was made in an in rem forfeiture proceeding, it would apply a fortiori in the in personam forfeiture proceeding provided in CPLR article 13-A.
This court holds that the defendant did not waive his Fifth Amendment rights against self-incrimination as to any felony counts now charged against him in the forfeiture action by reason of his pleas to the unspecified misdemeanor. Those rights continue.
Since the procedure provided under CPLR article 13-A requires the defendant to answer drug-related felony charges *426 by admitting or denying them at the risk of a judgment by default against him, it denies the defendant the protection against self-incrimination provided under the Fifth Amendment. It also denies the defendant the protection of article I, § 6 of the NY Constitution and imposes a requirement completely contrary to CPLR 4501 which states in relevant part, "[t]his section does not require a witness to give an answer which will tend to accuse himself of a crime or to expose him to a penalty or a forfeiture”. (Italics added.)
While there was one minor modification of the rule established in Boyd v United States (supra) made in United States v Regan (232 US 37 [1914]) in which the court refused the argument that proof in the civil forfeiture had to be "beyond a reasonable doubt” (see also, review of later decisions applying the Boyd rule in United States v Ward, 448 US 242, 252-253, supra) there has not been any modification or erosion as would annul the application of the Boyd rule in situations wherein the forfeiture statute in issue requires proof of the elements of certain stated crimes with only the quantum of proof changed from proof beyond a reasonable doubt to proof that is "clear and convincing”.
The decision in United States v Ward (supra), while refusing to apply the rule established in Boyd v United States (supra), is not contrary to the decision reached in the instant case. In making its decision in United States v Ward, the Supreme Court noted that in marked contrast to the situation which prevailed in Boyd v United States there was no danger to the defendant that he would in any way prejudice himself in the forfeiture proceeding in respect to other criminal proceedings. This was for the reason that the statute involved in United States v Ward contained a provision that information gleaned in the forfeiture action could not be used against the defendant in any subsequent criminal case "except a prosecution for perjury or for giving a false statement” (supra, 448 US, at 244). It was for these reasons that the court refused to apply the rule established in Boyd v United States. No such distinctions exist in CPLR article 13-A. Section 1311 of that article expressly authorizes the institution of a forfeiture proceeding in advance even of indictment. The requirement of forcing the defendant to answer the allegation of the commission of the felony at that point does prejudice him in subsequent proceedings. Further, CPLR article 13-A contains no counterpart exclusionary provision as to the use of evidence in the forfeiture action in any subsequent criminal action.
*427 This court is convinced that whatever doubt may exist as to the unconstitutional aspects of CPLR article 13-A as it relates to the prohibition against the double jeopardy provision of the Fifth Amendment, there is no doubt that it offends the provisions against self-incrimination of that amendment. In this respect this court holds CPLR article 13-A to be unconstitutional under the Fifth Amendment of the US Constitution and article I, § 6 of the NY Constitution. (Boyd v United States, supra; United States v United States Coin & Currency, supra; Lees v United States, 150 US 476 [1893]; Plymouth Sedan v Pennsylvania, 380 US 693 [1965].)
Because of the keen interrelationship of the Fourth Amendment and the Fifth Amendment it is necessary or at least advisable to note the application of the prohibition against "unreasonable searches and seizures” provided in the Fourth Amendment.
In Mapp v Ohio (367 US 643, 646) the Supreme Court recognized again as it did in Boyd v United States (supra, at 630) that "the Fourth and Fifth Amendments run almost into each other”. It is to be recalled that the Supreme Court in Boyd v United States (supra) held that it was the Fourth and Fifth Amendments together that barred use of unreasonably seized evidence. (116 US 616, 633, supra.)
In Plymouth Sedan v Pennsylvania (380 US 693) the court, emphasizing the Fourth Amendment aspects of the Boyd decision (supra), held that the prohibition against unlawful search and seizure of that amendment was applicable in forfeiture proceedings.
In marked contrast to his Fifth Amendment right against self-incrimination it is undoubtedly true that the defendant in the case at bar waived his constitutional protection under the Fourth Amendment against unlawful search and seizure of a controlled substance by his plea of guilty to the misdemeanor of criminal possession of a controlled substance in the seventh degree. As a consequence of such waiver it is doubtful that he could put such seizure in issue in the pending forfeiture action by objection to its introduction into evidence. This, of course, is absent other considerations which might bar such evidence.
While Fourth Amendment rights may not be involved in the pending action, it is pointedly noted that they may be very much involved in other actions permitted under CPLR article 13-A. This would be particularly true to the commencement of a forfeiture action relating to preconviction forfeiture crimes *428 under subdivision (1) (b) of CPLR 1311 when such forfeiture proceedings are brought before indictment and before conviction. In such actions there would be no prior waiver of Fourth Amendment rights by plea and no issue preclusion by conviction. Thus under the decided precedent noted, it would appear that a defendant could urge those rights successfully in the forfeiture proceeding. This feature should provide a cautionary note to prosecutors who bring forfeiture proceedings in advance of conviction.
Whether the defendant in the instant case was aware of the consequences of his plea as it related to his Fourth Amendment rights will be later considered.
A review of the fundamental fairness and procedural due process which attended the action at bar is our last consideration.
While it is undoubtedly true that the District Attorney could have commenced and brought to a conclusion before conviction a forfeiture proceeding against the defendant on the one felony charge which was contained in the information, viz., the alleged violation of section 220.09 of the Penal Law, the fact is the District Attorney did not opt to so proceed. He instituted no forfeiture proceeding.
Now, however, after permitting the defendant to plead to a misdemeanor in satisfaction of the drug-related felony count, which would have permitted the commencement and conclusion of a forfeiture proceeding in advance of conviction, he seeks to ignore completely the plea bargaining and the fact that such felony count was dismissed as a result thereof. He now wants to proceed under subdivision (1) (b) of CPLR 1311 for a forfeiture for the same crime precisely as if no prior proceedings had been had in relation to that crime or alternatively for a drug-related crime that was never even charged but is now alleged to arise from the same transaction. The complaint is indefinite on precisely what felony count the District Attorney seeks to proceed in the forfeiture action other than it appears to be on a charge or charges which would fall within the definition of "pre-conviction crimes” in CPLR article 13-A.
The action taken by the defendant in Justice Court was not only without the advice of an attorney representative but also without even the ability to consult with the District Attorney or with an Assistant District Attorney. They were not present. No reason for their absence has been disclosed. The only *429 people available for questioning and advice to the defendant were the Judge presiding and the arresting officer. Precisely how the plea bargaining was arranged and what was said to whom is not disclosed. Certain it is that someone said something to somebody that led to the dismissal of the four charges placed against the defendant and the resulting plea to an uncharged misdemeanor and the imposition of a minimum fine of $100. The modesty of the fine raises some doubt as to how heinous the court viewed the defendant’s criminal activity.
The District Attorney concedes that he does not know if any reservation of the right to seek a subsequent forfeiture was ever discussed, much less does he know whether the right to seek a forfeiture or the abandonment of such right was made a condition of the plea bargaining which obviously was had and led to the guilty plea. Nonetheless, now 3 Vi years later the District Attorney seeks to forfeit $450 taken from the defendant, a sum 4 Vi times the fine imposed.
To this court the entire scenario presented smacks of prosecutorial sandbagging. In addition, it raises serious questions of procedural due process.
When the defendant John Bart Frank entered his plea of guilty to an uncharged misdemeanor he waived several constitutional rights. Those constitutional rights were particularized in Boykin v Alabama (395 US 238): "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth. Malloy v. Hogan, 378 U.S. 1. Second, is the right to trial by jury. Duncan v. Louisiana, 391 U.S. 145. Third, is the right to confront one’s accusers. Pointer v. Texas, 380 U.S. 400. We cannot presume a waiver of these three important federal rights from a silent record.” (Boykin v Alabama, 395 US 238, 243, supra; italics added.)
It was because of the waiver of these constitutional rights by plea that both our Court of Appeals and the Supreme Court established requirements for its acceptance by the court.
In People v Nixon (21 NY2d 338, 353 [1967], cert denied 393 US 1067) our Court of Appeals stated: "[I]t is highly doubtful that a uniform mandatory catechism of pleading defendants should be required * * *. There are cases where the serious *430 ness of the crime, the competency and experience of counsel, the actual intensive participation by counsel, the nature of the crime as clearly understood by laymen, the rationality of the '‘plea bargain, ’ and the speed or slowness of procedure in the particular criminal court provide ample data as to how far the court should go in questioning defendants before taking a guilty plea. These are all matters best left to the discretion of the court.”
Two years later in Boykin v Alabama (395 US 238 [1969], supra) the Supreme Court of the United States held that the record in a criminal action must show that the defendant voluntarily entered the plea of guilty with an understanding of its ramifications. The decision in Boykin v Alabama amplified the decision of People v Nixon (supra) by requiring the record to reveal a knowing and intelligent waiver.
The old Code of Criminal Procedure required a defendant to be warned before entering a plea of guilty to an offense for which increased punishment was authorized. (See, Code Crim Pro § 335-c.) A failure of the court to give the required warning invalidated a plea of guilty. (People ex rel. Colon v La Vallee, 14 NY2d 83 [1964].) Unfortunately, that provision is not contained in the present Criminal Procedure Law. However, it is stated in Pitler, New York Criminal Procedure (at 452) that "although the CPL does not require a similar warning, it would appear that a defendant who enters a plea of guilty must be aware of the potential penalty before he can knowingly and intelligently waive his rights.”
This court does not believe that the defendant, John Bart Frank, had any concept of the force and effect of his plea as it related to a waiver of constitutional rights as such rights would later be involved in a forfeiture proceeding under CPLR article 13-A. Indeed the record in the instant case does not disclose that a forfeiture was even discussed. That fact together with the novelty and complexity of the forfeiture statute in issue leads this court to the opinion that the defendant did not knowingly and intelligently waive his constitutional rights to the misdemeanor to which he pleaded guilty. Conceding that such conclusion is arguable we leave it as opinion only. (Compare, Merchants Mut. Ins. Co. v Arzillo, 98 AD2d 495 [2d Dept 1984], supra.)
However certain it is that the defendant did not waive his constitutional rights or make an admission of facts as to any of the crimes charged in the indictment, nor to any other *431 uncharged crimes. That was the precise holding in People v Griffin (7 NY2d 511), where the court speaking through that most eminent jurist, Judge Van Voorhis stated: "The exception relates to pleas to lesser crimes. Where that occurs, the defendant does not admit the facts charged against him in the indictment. He pleads guilty to something else * * *. Such a plea does not presuppose the truth of the facts pleaded in the indictment * * *. His plea only admits the facts stated in the plea as constituting the lesser crime” (supra, at 515; italics added).
It is not only the absence of a waiver of rights at least to all crimes other than the one to which the defendant pleaded guilty, with the concomitant privilege of being able to assert those rights in a later criminal or civil proceeding that is of importance.
It is also important to note that the plea which the defendant entered was a result of plea bargaining. It is this feature that distinguishes the case of One Assortment of 89 Firearms (465 US 354 [1984], supra) cited by the District Attorney and the Attorney-General. In that case the Supreme Court held that a criminal defendant’s acquittal did not estop the government from proving in a civil proceeding that a forfeiture should proceed relative to the underlying crime for which acquittal was granted.
In contrast to an acquittal, a plea bargain is a contractual agreement between the prosecution and the defendant.
Under a plea bargain the plea to one or more crimes is made in satisfaction of all crimes pending. Our Court of Appeals had noted the effect of a plea bargain as it relates to other crimes charged but not prosecuted, to wit: "The charges in the indictment cannot be tried after a plea to a lesser crime has been interposed, which stands as a barrier even where the inquiry discloses that an actual assault has been committed and not merely an attempt.” (People v Griffin, 7 NY2d 511, 516, supra; italics added.)
If a District Attorney is precluded from bringing a criminal proceeding against a defendant on charges which were dismissed as a result of plea bargaining, should he be entitled to bring a civil proceeding of forfeiture for the same crimes? This court thinks not.
It simply militates against common sense to deny a prose *432 cutor a right to bring a criminal charge but permits him to bring a forfeiture action under CPLR article 13-A wherein although required to prove all elements of the crime, he need not prove those elements beyond a reasonable doubt and need not secure a unanimous verdict but only one in which 5 of 6 jurors are in agreement.
Whether the applicable legal principle falls nicely within the principle of collateral estoppel or issue preclusion or equitable estoppel or simple enforcement of contractual rights this court will leave to appellate refinement. It is sufficient to this court that fundamental elements of fairness gives rise to the protection of procedural due process under the Fifth Amendment of the US Constitution and article I, § 6 of the NY Constitution.
While not detailed in his opinion this court is satisfied that the same considerations set forth here are what led Justice Coffinas to hold in People v Roman (136 Misc 2d 876, 878 [Sup Ct, Kings County 1987]) in a comparable plea bargaining situation that there was a denial of "the Due Process Clause as contained in the US Constitution.” This court reaches the same conclusion.
Finally if this court is in error on each and every constitutional consideration set forth, the situation presented in the cases at bar not only permits but demands that the forfeiture action be dismissed in the interest of justice as provided in subdivision (4) of CPLR 1311. It is so ordered.
While a requirement that forfeiture be made a matter of plea bargaining either by legislative action or judicial determination would obviate the several constitutional issues presented in the case at bar and similar cases, it would not correct the constitutional defects in CPLR article 13-A which permit a prosecutor to initiate and conclude a forfeiture for enumerated drug-related crimes without the necessity of ever proceeding against the defendant by way of an information or an indictment charging crimes in a criminal action.
The decision herein is written in compliance with the requirements of subdivision (4) (e) of CPLR 1311 requiring this court to "issue a written decision stating the basis for an order”.
*433 This court acknowledges with grateful appreciation the efforts of Attorney Mark Wattenberg who accepted an assignment of this court to represent the defendant on the forfeiture action herein without compensation.
For all of the reasons stated herein the motion of the defendant to dismiss the complaint is granted.